Hah Judge.
 

 The policy of the act of 1795, undoubtedly, is to lighten the burthen of securities and free them from stale demands, when a remedy might have been had if promptly prosecuted against the real debtor.
 

 The intent of the Legislature would not be effectuated if the injunction upon the creditor to call for a full settlement meant a
 
 mere call
 
 for such a settlement and nothing more. If that is the case, such call, and a total disregard of it by the guardian within three years after
 
 *274
 
 the infant’s arrival at full age, would leave the securities in the same situation in which they were before the passage of the act.
 

 I think it is incumbent on the infant, after arriving at full age, not only to call for a full settlement, but to have a final adjustment of all accounts, matters and things, with his guardian, within three years
 
 •,
 
 and either sue for any balance that may be due him, or notify the securities to the guardian bond of the true situation in which he stands to the guardian. In the latter case, the securities, if they apprehend any danger from their securityship, may, by legal process, compel a speedy adjustment of accounts between the creditor and debtor, so as not to be injured by any future and distant call that may be made on them for the insolvency of their principal. Nothing short of such conduct towards the securities will, in my opinion, satisfy the act of
 
 1795,
 
 ch. 15, on which the Defendant rests his defence ; and. as such has not been observed, I think a new trial should be granted.
 

 Tatxor,''Chief-Justice, and Henderson, Judge, concurred.