Taylor, Chief-Justice.
 

 — The equity of this case depends upon the question, whether satisfaction of the sum demanded in the bill ought to be presumed, on the ordinary principles on which this Court proceeds. In 1802
 
 *59
 

 thé
 
 Defendant settled bis administration accounts» in Which fm charged himself with a balance due the distri-butees. This settlement was inade under the authority of the County Court» in the customary mode;- ami if no higher effect can he ascribed to it, as an
 
 ex parte
 
 proceeding, it possessed at least, this quality, of enabling all the parties concerned in interest, to ascertain the sum acknowledged to be respectively due them,
 
 t&
 
 enforce the payment, if they were satisfied with the correctness of the or
 
 to
 
 them, if they were dissatisfied^
 

 In 1823, more than twenty years afterwards, this bilí is filed, without showing any reasons for the delay, and containing only on that point, the general and formal allegation, that the Defendant had failed to account after being requested to do so.
 

 Now had a bond been executed to the Complainants for their individual share, and no interest paid within the time, the presumption of payment would have arisen at law. and been effectual to prevent a recovery, unless it could he repelled by some of those circumstances, which are usually relied upon for that purpose ; such as insolvency or near relationship, or the absence of the party entitled to the money.
 

 Though tins case is purely of equitable jurisdiction, and not subject to any legal bar, by force of the statute of limitations, yet this Court has from an early period adopted rules as to barring an equity, drawn as nearly as possible from analogy to the rules of law. Thus a mortgagor coming to redeem after twenty years possession by the mortgagee, without showing some act, in which it was treated as a mortgage within that period, is too late. The principles of all these decisions has been affirmed and sanctioned by an act of the last Legislature, by which the presumption arises within ten years.
 
 (Acts of
 
 1826, c. 28).
 

 In a case marked with the circumstances presented here, the Court will presm*»?* .
 
 "
 
 
 *60
 
 the
 
 onus probandi
 
 upon'the distributee, who ought to satisfy the Court that the presumption cannot take place, otherwise the greatest mischief may be apprehended from parties being called on to account at a remote period, when according to the course of human affairs, their vouchers may be lost, or their witnesses may be dead.
 

 The presumption of payment is materially strengthened, when a sum of money is acknowledged to be due to a particular person, the payment of which may be enforced at his will; for as a man must he supposed to be always ready to enjoy what is his own, proceedings would have been sooner instituted, had the money not been paid. Where the Defendant can discharge himself only by a payment of the money into Court, the presumption is impaired in its strength,
 
 Hercy
 
 v.
 
 Dinwiddy
 
 (2
 
 Ves.jr.
 
 90).
 

 ■ The only demand of this money proved in this case, was made about the time of filing the
 
 bill; but I
 
 do not conceive it would have varied the principle of the decision, if an earlier demand had been shewn, for the mere demand of a debt without process, or any acknowledgment, is not sufficient to take a case out of the statute of
 
 limitations;
 
 nor, as I apprehend, would a demand with, out process, repel the presumption from the lapse of time.
 
 (Oswald
 
 v.
 
 Leigh,
 
 1 Term
 
 Rep.
 
 272.)
 

 With respect to the answer made to the loss of remedy from the lapse of time, that the Defendant is a trustee, and therefore cannot avail himself of this defence_ I deem it unnecessary to examine the doctrine relative to express and implied trust, because the settlement of account by the administrator presents a clear ground of decision, whatever the Defendant’s original character may have been. From that time the trust ceased to be open, and the Defendant stood in a new relation to the Complainant as his debtor. Could the Complainant have sued at law, his cause of action would there have accrued, and the statute would have begun to run from
 
 *61
 
 that time. Certainly then, the Defendant may rely up* on the lapse of time in this Court.
 

 This does not however, appear to be a case wherein the Defendant is entitled to costs, for though the bill should be dismissed upon the general presumption of payment, which is raised in these cases, where there are no means of creating beliefs or disbeliefs, yet the Defendant’s allegation of the fact is vague and unsatisfactory. He only states that he has long since paid the Complainant, before her intermarriage. It is neither specific as to time, place, or attending circumstances, which would render it impossible to be met by counter evidence. The rest of the answer as to the fact of payment, is argumentative.
 

 Per Cceiam.
 

 — Bill dismissed without costs.