Pearson, C. J.
 

 The position assumed by the defendants, that in respect to the sum of $1500, there was no breach of the bond of 1856, because the default occurred in 1852, and was covered by the bond of that year, is not tenable. It is true that the default in respect to this $1500 was a breach of the bond of 1852. It is also true that Tayloe, who was appoint-' ed chairman in 1853, committed a breach of his bond by receiving as cash the note of Cherry, without security, in payment of the $1500, for which Cherry was in default; but it is nevertheless true that the breaches were cumulative and continuing, so that when Cherry was again appointed chairman in 1856, and then received the same note as cash, and execu-^ ted to Tayloe “ a release in full,” it was a breach of the bond then executed. No argument is necessary to prove that ar
 
 *325
 
 trustee violates his duty by receiving
 
 Ms own note
 
 as cash, (which note is still unpaid) and executing a release in discharge of the amount due to him, as trustee, and the question is not at all affected by the circumstance that the note had been given because of a previous default; for, viewed in any light, it comes within the express words of his bond, and he thereby “ abused the trust which had been confided to him by his appointment as chairman,” and for the consequences of this breach of trust, those who vouched for him as sureties on his bond, are clearly liable. By their act he was placed in a position which enabled him to subtract from the school fund the amount in question, and they have no ground to complain because they are required to indemnify the fund and bear the loss.
 

 The position assumed on the part of the defendant Eason, that as the action was not commenced until more than two years after she qualified as administratrix, she is protected by the 4th section of the act of 1789, (according to the construction adopted in
 
 Goodman
 
 v. Smith, 4 Dev. Rep. 450,) although she has not paid over the assets to the distributees and taken refunding bonds as required by the 2nd section, is likewise untenable. If the authority of that case were admitted, and the 4th section treated as wholly unconnected with the 2nd and 3rd, and as strictly a statute of limitations, it would not apply to this case, because Cherry, by his several appointments, was chairman continually from 1856 up to 1861, and there was no cause of action, or rather, the cause of action was suspended until shortly before the present proceeding was commenced. Eor the statute, in relation to the school fund, makes it the duty of the chairman to receive and sue for the fund, and during that time, no proceeding could be had, as Cherry could not sue himself, and it is settled doctrine _that no statute of limitations can begin to run and become a bar until the cause of action accrues; for the plain reason, that the legislature cannot be supposed to intend to require a creditor to do an impossible act under pain of having his right of action barred;
 
 Jones
 
 v.
 
 Brodie,
 
 3 Murph. 594;
 
 God
 
 
 *326
 

 ley
 
 v. Taylor, 3 Dev. Rep. 178, where the doctrine is discussed and applied to the act of 1715, barring the claim of all creditors who do not sue
 
 within seven years after the death of the debtor;
 
 which words are as direct and positive as those used in the section under consideration, i. e. “ who fail to bring suit within two years from the qualification of the executor or administrator.”
 

 We will not, however, put the decision on that ground; because a distinction may be suggested, inasmuch as the bond is payable to the State, and the circumstance that Cherry continued in office, may have only had the effect to suspend the summary proceeding provided by the statute, and, for the additional reason that the case of
 
 Goodman
 
 v.
 
 Smith
 
 is opposed by
 
 Reeves
 
 v.
 
 Bell,
 
 2 Jones’ Rep. 254, and it is a matter of great practical importance that the construction of the statute should be settled; as cases under it occur on the circuits almost every day.
 

 The fact of there being these opposing cases in respect to the construction of the act of 1789, shows that the question is of some difficulty, and by a perusal of the opinion delivered in
 
 Reeves
 
 v.
 
 Bell,
 
 it is obvious that the attention of the Court had not been called to
 
 Goodman
 
 v.
 
 Smith.
 
 We have, therefore, felt it to be our duty to give the subject a serious reconsideration, and, after doing so, are satisfied that the construction established by
 
 Reeves
 
 v.
 
 Bell
 
 is the true one, and is supported by principle and also by authority.
 

 In
 
 Reeves
 
 v.
 
 Bell,
 
 it is decided that by a proper construction of the act of 1789, an administrator cannot protect himself against a recovery by a creditor who has failed to sue within two years from his qualification, unless he has delivered the assets to the distributees and taken refunding bonds, so as to give the creditor a remedy over, by which he may reach the assets in their hands.
 

 The opinion takes a comprehensive view of the subject, assuming that the several enactments of the same statute are all to be taken together, and to be so construed as to effect the general purpose for which the statute was made: that this
 
 *327
 
 general purpose was to remedy an evil growing out of the delay of executors and administrators in settling up estates and paying over the assets remaining in their hands under the pretext of debts still outstanding, on account of which they were, in order to protect themselves, justified in retaining the assets, and that this prominent purpose of the statute required the administrator,' in order to claim the protection of the statute given to him by the 4th section, to aver, and be able to prove, that he had complied with the duty imposed on him by the 2nd section, and not only paid over the assets, but taken a refunding bond, so as to enable the creditor, under the provision of the third section, to fix the amount of his debt and recover the same by
 
 scire
 
 facias, according to the proceeding thereby provided.
 

 This general view may be extended and made more particular by the suggestion of several positions, all of which support and confirm the construction established by that case, and are, by implication, made a part of the argument:
 

 1. One who claims the benefit of any instrument must aver and prove that he has performed all the acts required to be done by him for the benefit of the other party. This is a general principle of justice, applicable not only to contracts between individuals, but to the construction of statutes, and to treaties between independent nations. The second section of the act of 1789 requires executors and administrators, after the expiration of two years from their qualification, to pay over the undisposed of assets to the legatees or distributees, and to take a refunding bond with condition to pay any debt of the deceased, “ which shall be
 
 afterwards
 
 sued for and recovered, or otherwise duly made to appear.” The third sec■tion enacts that when an administrator pleads “fully administered,” and the fact is found in his favor, the plaintiff may fix the amount of his demand, and sign judgment, and thereupon issue a scire facias in order to charge the parties to the refunding bond. The fourth section enacts that any creditor who fails to sue within two years from the qualification of the executor or administrator, “ shall be forever barred from the
 
 *328
 
 recovery of Ms debt.” When, therefore, an administrator seeks to protect himself from a recovery on the ground that the creditor had failed to sue within two years after his qualification, it would seem, as a matter of course, to be necessary for him to aver that he had paid over the assets and taken refunding bonds, so as to give the creditor a remedy over by
 
 scire facias,
 
 according to the provisions of the statute. An administrator is required to take refunding bonds for the benefit of the creditor, and surely, it is with an ill grace that he asks to be protected from a recovery by them, when he has neglected to do what the law expressly requires him to do for their benefit.
 

 2. The. evil intended to be remedied by the act of 1789, as is manifest from its enactments, as well as the preamble, was the delay on the part of executors and administrators in settling up estates. The construction adopted in
 
 Reeves
 
 v.
 
 Bell,
 
 tends to induce a discharge of this duty, and thus to effect the main purpose of the statute, whereas the construction adopted in
 
 Goodman
 
 v.
 
 Smith,
 
 actually holds out an inducement to executors and administrators not to perform their duty by giving them assurance that they will be protected whether they settle and take refunding bonds or not.
 

 3. When the act of 1789 was passed, there were two statutes of limitation — the general statute and the act of 1715, barring claims against the estates of deceased persons after seven years. So, it would seem there was no particular occasion or necessity for another statute of limitations. Yet, the construction adopted in
 
 Goodman
 
 v.
 
 Smith,
 
 has the effect of making the act of 1789 a mere statute of limitations, and the 4th, which is clearly a subsidiary section, is allowed to override all the others, and allowed to become the only operative provision of the statute.
 

 4. The Court, in
 
 Goodman
 
 v.
 
 Smith,
 
 seems to be oppressed 'vvith the general words of the 4th section, but nevertheless refuses to allow them to be qualified by considering them in connection with the other sections, when, in truth, that was the only way of solving the difficulty, and was not only au
 
 *329
 
 thorisecl by the rules of construction, but, in this instance, was actually demanded, because the third section fixes the mode in which the executor and administrator should plead, in order to protect himself against the recovery of a creditor, that is, he should plead “fully administered,” and his plea is established by proof that he had settled at the expiration of two years, and taken refunding bonds as required by the act. Whereupon, the creditor is barred of his recovery against the executor or administrator, and must proceed by
 
 scire facias
 
 on the bond.
 

 By a careful analysis of the elaborate opinion delivered in
 
 Goodman v.
 
 Smith, it will be seen that the conclusion is put on two grounds, neither of which, as it seems to ns, is tenable. The creditors are classed into the diligent and the dilatory,, and it is assumed that the refunding bonds are not required' for the benefit of the latter, consequently, in regard to them, whether a refunding bond had been taken or not, is immaterial, and so no averment, in regard to it, was necessary.
 

 For whose benefit are refunding bonds to be taken ? Not for the benefit of the diligent creditors, one who sues within the time allowed by the statute, for he does not require it. He recovers against the executor or administrator, and cannot be barred and turned over to seek relief on the refunding bond. As to him, the fact that the assets have been paid over and refunding bonds taken, does not establish the plea of “fully administered.” The same remarks apply to the limited description of creditors, mentioned in the proviso tO' the 4th section. They belong to the class of diligent creditors, and as they sue within the time allowed by law, are entitled to recover against the executor or administrator. So the refunding bonds were not intended for their benefit. But the matter is not left to conjecture or construction, for the words of the statute and of the bonds required to be taken by the 2nd sec. are express, “ giving bond with two or more able sureties, conditioned, that if any debt, truly owed by the deceased, shall be
 
 afterwards sued for
 
 and recovered or otherwise duly made to appear.” The other ground is, that the protec
 
 *330
 
 tion given to administrators and executors by the 4th section, would be nugatory, because
 
 “
 
 an administrator or executor, who has faithfully administered the assets, and who, by force of such administration, is adequately protected, stands in no need of this additional shield.” The position here assumed is, that an executor or administrator, in respect to creditors, who bring suit within the two years, does “ faithfully administer,” and can protect himself by showing the fact that pending the suit, at the expiration of two years he paid over the assets to the legatees or distributees. Is this position tenable? Can the executor or administrator protect himself against a recovery, by bringing forward this matter under a plea
 
 puis darien conti/nuance ?
 
 Assuredly he cannot, and the question seems to have been misapprehended. For the protection given by the 4th section was in respect to creditors, who fail to sue within two years, and so far from being nugatory, it required this express provision to enable executors and administrators to protect themselves against creditors who had
 
 not sued
 
 within the two years, and their liability to creditors, who had sued within the time allowed, was not interfered with or altered in any respect, but was left as at common law.
 

 The research, which this conflict of cases has given rise to, brings to the notice of the Court two authorities, which seem not to have occurred to the Court in the case of
 
 Goodman
 
 v. Smith, but which settle the construction of the act of 1715, and furnish a direct analogy and authority for the construction of the act of 1789. The cases are
 
 Godley
 
 v.
 
 Taylor,
 
 3 Dev. Rep. 178, and
 
 Bailey
 
 v.
 
 Shannonhouse,
 
 1 Dev. Eq. 416 ; and it is settled that, notwithstanding the broad terms of the act of 1715, an executor or administrator cannot protect himself from a recovery by a creditor, who had failed to sue-until after the expiration of seven years, unless he avers' and proves that he had paid over the surplus assets to the ■treasury as required to do by the act of 1784, or to the trustees of the University by the act of 1809, and the Court adopt the principle that in the construction of the act of 1715, the ■9th section of that act, and the act of 1784 and 1809-, are to
 
 *331
 
 be taken into consideration, and that one who fails to do an act, which the law requires of him for the benefit of another, cannot bar the recovery of the latter, because he has not provided him with the remedy over, which the law contemplated, and made it his duty to do as an implied condition, precedent to the protection which he claims.
 

 We now consider the question settled, both on principle and authority, and concur with his Honor in the opinion that the plaintiff’s right to recover against the defendant, Mrs. Eason was not barred, as she still retains the assets.
 

 There is no error.
 

 Per Curiam,
 

 Judgment affirmed.