D. McK. CARMICHAEL and others v. JOHN C. MOORE and others.

*Parties—Official Bonds, suits on in name of the State.*

Suits upon official bonds made payable to the state must be brought in the name of the state. Bat. Rev., ch. 80, §§ 10, 11. The statute requiring the real party in interest to prosecute does not apply to such actions.

(*Little* v. *Richardson*, 6 Jones, 305, cited and approved).

CIVIL ACTION tried at Spring Term, 1882, of ROBESON Superior Court, before *Shipp, J.*

*Messrs. McNeill & McNeill*, for plaintiffs.
*Messrs. Rowland & McLean*, for defendants.

RUFFIN, J. This appeal is taken from a judgment of the superior court overruling a demurrer to the complaint, and but a single point need be considered.

The plaintiffs sue upon the official bond given by the defendant, Moore, as clerk of the superior court of Robeson county, with the other defendants as his sureties—the breach assigned being his failure to pay over certain moneys which came to his hands for the plaintiffs. The bond is made payable to the state, but the action is brought, and the complaint filed, in the names of the parties interested, and this is one of the grounds of the demurrer.

The bond sued on is the property of the state, and the only authority the plaintiffs have for putting it in suit is that which is specially given in the statute, and which in terms is limited to a suit brought in the name of the state. Bat. Rev., ch. 80, § 11.

Such is the plain provision of the law, long recognized, and supported by the uniform practice of the courts.

The statute, though an ancient one, has been re-enacted since the adoption of the Code, and the court would therefore feel themselves bound by it, as the latest declaration of the law, even in case of a conflict in the provisions of the two instruments.

But in fact there is no such conflict in this particular. The requirement of the Code that "every action must be prosecuted in the name of the real party in interest," was never intended to be applied to actions upon official bonds, made payable to, and held by the state, and intended to be sued upon by every person injured by the neglect of the officer, and as many as might be injured, until the whole penalty should be exhausted—and all, not by reason of any property in the bond itself, but by virtue of the authority specially granted by the statute. As the right to sue upon the bond is wholly derived from the statute, it must be exercised in the manner there provided and in no other way.

As reported, the case of *Little* v. *Richardson*, 6 Jones, 305, seems to furnish the plaintiffs with a precedent; but upon look-

ing to the original papers, we find that the action was in fact brought in the name of the state. So far as our investigations go, there is not a single authority which supports the manner of bringing their action.

The judgment of the court below overruling the demurrer is therefore reversed, and judgment will be entered here dismissing the action.

· · Error.　　　　　　　　　　　　　　　　　　Reversed.