J. T. WILLIAMS et al. v. JOHN McNAIR, Adm'r, et al.

*Guardian and Ward—Surety—Limitations—Creditor's Bill.*

1. Under the Revised Code, the delay of a ward for three years after attaining majority to have a final settlement with his guardian, or to bring suit for any amount claimed to be due, or a failure to notify the surities to a guardian bond of the condition of the estate, absolved the sureties from liability. If the right of action accrued since the adoption of the Code of Civil Procedure, it is subject to the limitation therein provided.

2. The death of the surety and the lapse of a time longer than that prescribed in the statute before the qualification of a personal representative did not suspend the operation of the statute, if the wards could, during that time, have proceeded against the guardian.

3. The real estate of deceased surety on a guardian bond cannot be subjected, under §1436 of *The Code*, to the satisfaction of a claim founded upon an alleged breach of the bond, until the damages have been ascertained in some proper method. Until this is done the relation of " creditor" to the estate, required as a prerequisite to the institution of such proceedings, does not exist.

•(*Johnson* v. *Taylor*, 1 Hawks. 271, and *Carmichael* v. *Moore*, 88 N. C., 29, cited).

This is a CIVIL ACTION, which was tried before *Clark, Judge,* at January Term, 1887, of ROBESON Superior Court.

There was judgment against all the plaintiffs (except McNeill and wife Caroline), from which they appealed ; and the jury, under instructions from the Court, having found that the said Caroline was not barred of her right to recover, the Court directed a reference to ascertain the amount to which she was entitled, and from this order the defendants appealed.

In the year 1855 James P. Hodges became the guardian of the plaintiffs, then infants, and executed his bond with Henry Elliot and Archibald S. McKay, his sureties, in the form and with the conditions prescribed by law for the security of their several estates. Archibald S. McKay died intestate in 1865, and no administrator on his estate was appointed until March 17th, 1879, when letters issued to the defendant, John McNair. The other defendants are the heirs-at-law of the said Archibald S., to whom certain lands are alleged to have descended from him.

The plaintiffs severally arrived at full age, as follows : Mary L. Williams, on June 11, 1859; J. L. Smith, on January 26, 1866; S. C. Robinson, on July 13, 1868, and Caroline, who intermarried with the plaintiff, Thomas A. McNeill, on February 8th, 1871. There has been no settlement by

·either with the guardian, who is still living, nor did it appear that any one of the wards within three years after attaining majority, by suit or otherwise, called on him "*for a full settlement of his guardianship*," by suit or otherwise, in pursuance of § 4, ch. 65, of the Revised Code.

The present suit, instituted on July 26th, 1881, by the plaintiffs, on behalf of themselves and all other creditors of said Archibald S., has for its object the subjection of the lands which he owned at his death to the payment of his indebtedness; and to the demand, among other defences to the action, the answers of the administrator and the defendants, D. D. McBride and wife Fannie, set up the bar of the statute of limitations and the presumption of payment or ·satisfaction arising from the lapse of time since the excution ·of the bond raised under the Revised Code, ch. 65, § 18.

Under instructions of the Court, and in response to the issues upon this point, the jury found that the right of action is barred as to all the plaintiffs except the said Caroline C., and that no presumption of payment has arisen under the statute.

*Mr. Frank McNeill*, for the plaintiff.

*Messrs. P. D. Walker, N. W. Ray* and *N. A. McLean*, for the defendants.

SMITH, C. J., (after stating the case). By the law in force when the three several plaintiffs' cause of action accrued, whose recovery is thus held to be obstructed, they were each required to call on the guardian for a settlement on arriving at full age, and this is interpreted by DANEL, J., delivering the opinion in *Johnson* v. *Taylor*, 1 Hawks, 271, to require more than a mere demand for such settlement. "I think," he remarks, "it is incumbent on the infant, after arriving at full age, not only to call for a full settlement, but *to have a final adjustment of all accounts, matters and things with his guar-*

*dian in three years,* and either sue for any balance that may be due him, or notify the securities to the guardian bond of the true situation in which he stands to the guardian."

There was no evidence that the plaintiffs had ever taken any other action to bring the guardian to settlement, as is stated in the case on appeal, and as the right of action accrued to each as he or she attained full age, and while the guardian was, as he still is, living, and no such effort as the statute contemplates was made to get the estate out of his hands, the sureties are absolved, unless the fact of the previous death of the surety now sued, and the long interval of fourteen years, during which there was no administration, exempts these plaintiffs from the operation of the statute.

We do not give such restricted force to it, for evidently reasonable efforts to get possession of the trust estate are required to be made for the protection of the sureties and to prevent the loss from falling on them, and the death of this surety did not interfere with the infants' action in the premises. As this was not done, and was the condition of a continued liability so that the default could be communicated to him, even if living, the default would be equally operative in securing his exoneration in case of his death, for it might be that the estate could have been obtained from the guardian.

If, however, such attempt to get the trust estate from him had been made and proved unsuccessful, the inability to give information of the fact, rendered impossible by the death of the surety and the want of a representative, would perhaps have dispensed with this requirement of the law and left the liability of the surety unimpaired. There is, therefore, no error in the ruling of the Court upon this defence.

There is another objection taken in the answers not less fatal to the maintainance of the action.

The liability of the intestate's surety is upon his undertaking to make good any loss to the infants resulting from

the mismanagement of the trust estate by the guardian and sounds in damages. The only indebtedness is found in the penalty of the bond, and the real object of a suit upon it is to ascertain the amount of damages and to have judgment for them. Until ascertained they do not constitute a debt, nor does the plaintiff assume, in the sense of the statute, the relation of a creditor towards the estate, so as to have access to the real property of the deceased. This is apparent from the provisions of the statute, which gives the remedy when the personal assets are "insufficient to pay *all the debts*," (*The Code*, §1436); and which requires an oath to be made of "the amount of debts outstanding against the estate," (*The Code*, §1437); and from the very nature of the proceeding itself.

The indebtedness ought to be ascertained, proximately at least, to show the necessity of a resort to the land, and in the present case, unless the parties agree on the amount, the intervention of a jury to assess the damages becomes necessary before instituting such a proceeding. This could only be by an action on the bond, because the surety's liability rests solely upon his covenant obligations contained therein.

But such action must be brought in the name of the State for the benefit of the interested party, secured by the bond, as has been expressly decided in this Court. *Carmichael* v. *Moore*, 88 N. C., 29.

We sustain the ruling that the plaintiff cannot recover, and affirm the judgment.

---

DEFENDANT'S APPEAL.

This appeal, taken by the defendant from the judgment in favor of the plaintiff Caroline McNeill, presents the same general facts as those contained in the record of the plaintiffs'

appeal. But the claim of the plaintiffs McNeill and wife rests upon different ground, and as the rights of action accrued to her in February, 1871, it is governed by the limitations contained in *The Code*, §136.

This statute bars an action against the personal or real representative unless begun within seven years after his qualification and advertising as required by law, (§153), or if brought on the official bond of the guardian, within six years after the auditing of his final accounts by the proper authority and the filing such audited account, (§154, par. 2.)

In this case the action is brought in a little more than two years after qualification of the administrator, and none of the preliminary conditions necessary to put the statute in operation have been complied with.

While, then, we concur in the opinion of the Court, that the statutory bar is not in the way of the plaintiffs' recovery, the same fatal obstacle exists as in the plaintiffs' appeal against the maintenance of this action, and without further enlarging upon it, we refer to that opinion.

There is error, and the judgment below must be reversed.

Error. Reversed.