C. V. NORMAN v. A. G. WALKER, Ex'r of W. W. WALKER AND H. P. ALEXANDER.

*Guardian and Ward—Executors and Administrators—Limitations—Parties.*

1. A guardian qualified in July, 1876; his ward come of age in September following : the guardian died without having settled his trust or making any of the returns required; in 1887 the ward made a demand upon, and brought suit against the sureties on the bond; *Held*, that his action was barred.

2. Actions upon the bonds of guardians, administrators, executors and collectors must be brought in the name of the State.

CIVIL ACTION tried before *Connor, J.,* at Spring Term, 1888, of the Superior Court of TYRRELL County.

The following are the facts agreed upon :

"1. July 6th, 1872, V. B. Norman qualified in the proper Court of Tyrrell County as guardian of the relator, with W. W. Walker and H. P. Alexander as sureties, his bond being, as set out in the complaint, in the penal sum of $1,040. He made no returns whatever of his guardian account. He died a few years after his qualification intestate, and no administration has ever been appointed on his estate.

2. The said guardian received for the relator, on the 6th of July, $169.43, and has failed to pay the same over to the relator.

3. C. V. Norman (relator) came of age September, 1876, after the death of the guardian, and made demand of the defendants on the day of the beginning of this action, October 8th, 1887.

W. W. Walker died in August, 1885, and A. G. Walker qualified as his executor in October following."

The action was brought and prosecuted in the name of the plaintiff.

The defendants relied upon the three years' statute of limitations. *The Code,* § 155.

There was a judgment for the defendant, and the plaintiff appealed.

*Mr. W. D. Pruden,* for the plaintiff.
No counsel for the defendants.


DAVIS, J.   The action on the guardian bond should have been in the name of the State, for the benefit of the plaintiff, and not in the name of the plaintiff.   *Carmichael* v. *Moore,* 88 N. C., 29; *Williams* v. *McNair,* 98 N. C., 232.

No final account, or any other account, was filed by the guardian who was principal on the bond declared on, and counsel insist that "no statute began to run against the plaintiff till the final account was filed," and for this he relies on § 154 of *The Code.*

That section fixes the limit of six years " after the auditing of his final account by the proper officer, and the filing of such audited account as required by law," as the bar to actions against executors, administrators, collectors or guardians on their official bonds, but the defendants were *sureties* on the bond, and § 155, subsection 6, of *The Code,* fixes a different limit as a bar to actions against them, and provides that " an action against the *sureties* of any executor, administrator, collector or guardian on the official bond of their

principal," shall be commenced "within three years after the breach thereof complained of."

It was the duty of the guardian within three months after his appointment to exhibit an account, upon oath, of the estate of his ward to the Clerk of the Superior Court, and to make annual return. *The Code*, §§ 1577, 1580.

It appears from the case agreed, that he made no returns whatever. This was a breach of his bond. It further appears that he died before his ward (the plaintiff) came of age. The plaintiff came within the exceptions mentioned in section 163 of *The Code*, and could have brought his action against the *sureties* on the bond within three years after attaining the age of twenty-one years, but this action was not commenced till more than ten years after the plaintiff became twenty-one years of age.

As we have seen, this action comes under the provisions of section 155, subsection 6, of *The Code*, and not under the sections referred to in *Williams* v. *McNair*, 98 N. C., 336, cited by counsel. In that case Caroline McNair was a *feme covert*, and had been under disabilities to sue.

There is no error.               Affirmed.