Thomson, J.,
delivered the opinion of the court.
Mary J. Blyth brought suit in her own name upon the official bond of William A. Taylor, a constable of Boulder county, for an alleged misfeasance in the discharge of his official duties. The defendants Clark and Giles were sureties on the bond. The bond is set forth, in full, in the complaint. It was conditioned according to law, and its penalty of $2,000-was made payable to the people of the state of Colorado. The defendants demurred .to the complaint on the ground, among others, that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and the case went to trial, with the result that final judgment was entered against the defendants for $148.86. They come here by appeal.
The question for determination is, does the complaint show a cause of action in the plaintiff ? In other words, can the *82 plaintiff maintain, in her own name, an action upon a constable’s official bond, in which the obligors bound themselves to pay the penalty of their obligation to the people of the state of Colorado? We must answer this question in the negative. This bond was in due statutory form. The statute provides that in all cases of suits on constables’ bonds, judgment shall be entered for the full penalty in favor of the people of the state of Colorado, but that execution shall onlj'issue for the amount found to be due, with interest and costs; that after judgment is obtained executions may, from time to time, be' awarded for other breaches of the conditions, upon proper proceedings instituted for the purpose; and that sureties shall not be liable in execution beyond the amount of the penalty. Gren. Stats., secs. 2069, 2071, 2074. It is evident from the language of the statute that there can be but one action on a constable’s bond. Judgment in the action must be in favor of the people, and must be for the full amount of the penalty; the amount due to the party causing the institution of the suit must be ascertained, and execution awarded to him for that amount; if others are damaged by the misfeasance or nonfeasance of the officer, they may, by the institution of proceedings which the statute prescribes, procure executions on the same judgment for the amounts severally due them ; and after successive executions have exhausted the judgment the sureties are discharged. The action is statutory, and in its institution, and all subsequent proceedings, the method provided by the statute must be pursued. It is maintainable only in the name of the people, and the judgment recovered is for the benefit not only of the person on whose relation the suit is brought, but of all others who are, or may become, interested in the enforcement of the bond.
The code provision that every action shall be brought in the name of the real party in interest would not enable the plaintiff to maintain this suit in her own name. She is nob •the owner of the bond, and judgment for the amount of the •penalty, which is the only judgment recoverable, could not be *83 awarded in her favor. All she can demand, if her claim is sustainable, is the payment of a small sum due to her on account of the constable’s official misconduct. But the statute gives no action on the bond for that sum, and beyond that sum she is not interested. In a suit for the recovery of the penalty of the bond, she is not the real party in inter-. est within the meaning of the code. See Carmichael v. Moore, 88 N. C. 29. It was error to overrule the demurrer, and the judgment must be reversed, with instruction to the court below to dismiss the case. ■

Reversed.