N. A. STONESTREET et als v. E. FROST, Administrator of
W. Stonestreet et als.

(Decided December 13, 1898.)

*Administration Bond—Account and Settlement—Statute of Limitations—Sureties.*

In an action upon an administration bond by the next of kin for an account and settlement within three years after a demand and refusal, the Statute of Limitations will not avail as a defence to the sureties, nor to the personal representatives of deceased sureties upon the bond. *The Code*, Section 155, sub-section 6.

CIVIL ACTION by the plaintiffs, next of kin of W. Stonestreet, deceased, *v.* E. Frost, administrator, and the sureties to his bond for an account and settlement and payment of their distributive shares of intestate's estate; tried before *McIver, J.*, at Fall Term, 1898, of

DAVIE Superior Court, upon exceptions to report of referee.

The summons was, by leave of the Court, amended so as to run in the name of the State, on the relation of the plaintiffs. It was issued August 30, 1894. There was evidence of a demand upon the administrator and a refusal by him to settle the same year, and before suit, so found by his Honor.

E Frost qualified as administrator March 5, 1877. He filed an inventory September 3, 1877, and made no other returns, and mixed the estate funds with his own.

The referee reports a balance due from E. Frost, administrator, of $544.59, of which $488.14 bears interest from March 5th, 1879, $29.25 from April 7, 1881, and $29 20 from October 11, 1887.

The referee had reported in his findings as matter of law that the Statute of Limitations had barred the action upon the bond so far as the sureties were concerned, because although the plaintiffs had proved a demand and refusal before suit, yet they had failed to show that the action had been commenced within three years thereafter.

To this finding the plaintiffs excepted, and insisted that this action had been brought within the year after the demand and refusal. His Honor sustained the exception, and rendered judgment against the sureties, who excepted and appealed.

One of the sureties, P. H. Cain, has died, and the defendant, J. M. Cain, was his administrator and had made a final settlement of his estate after due notice to creditors. He was included in the judgment rendered by his Honor, to which he excepted, and makes this exception an additional ground for appeal.

*Messrs. Watson, Buxton & Watson*, for plaintiffs.
*Messrs. Glenn. & Manly, E. L. Gaither, T. B. Bailey*
and *Holton & Alexander*, for defendants (appellants).

IN THE DEFENDANT'S APPEAL.

MONTGOMERY, J.: Although the plaintiffs allege in
their complaint that the defendant Frost, administra-
tor, made neither the annual return and accounts of his
administration under Section 1399 of *The Code*, nor his
final account under Section 1402 of *The Code*, yet it is
apparent upon the face of the complaint that the real
breach of the administration bond complained of was
the demand of the plaintiff *for an account and settle-
ment* made on the administrator, Frost, for an account
and settlement of the estate of his intestate, and for the
payment of them as distributees of the amount in his
hands to which they were entitled, and his failure and
refusal to do so.    From that time, then, the three years
Statute of Limitations (*Code*, Section 155, sub-section 6)
began to run in favor of the defendant sureties on the
administration bond.

The referee to whom was referred the statement of
the administration account found as a fact that there
was no evidence going to show the date at which the
demand and refusal was made, and that as a matter of
law (the Statute of Limitations having been pleaded and
the burden of proof having thereby been placed on the
plaintiffs to show that the action was begun within
three years after such demand and refusal, so far as the
sureties were concerned), the action was barred by the
Statute of Limitations as to the sureties.    The plaintiffs
filed an exception to these findings of the referee, in
which exceptions they allege that there was testimony

(that of N. A. Stonestreet, one of the plaintiffs) that a demand was made for the settlement in 1894 and that this action was commenced afterwards, on the 30th of August, 1894. His Honor sustained the exception and reversed the finding made by the referee that the Statute of Limitation was a bar to the action against the defendant sureties, and had judgment entered against the defendants, Frost, administrator, J. R. Williams, Sr., one of the sureties, J. M. Cain, administrator of P. H. Cain, a deceased surety, W. R. Ellis, administrator of D. S. Tucker, another of the deceased sureties, C. L. Cook and Annie Cook, executors of Harrison Cook, another of the deceased sureties, and Mattie K. Clement, executor of W. B. Clement, another of the deceased sureties. From the judgment the defendant Williams and the other defendants who are the personal representatives of the deceased sureties appealed.

The alleged error in the judgment is that his Honor held that the cause of action against the appellant defendants was not barred by the Statute of Limitations.

The case shows that the evidence was before his Honor, and we must conclude by his having sustained the plaintiff's exceptions that he found, upon inspection of the evidence, that the plaintiff, N. A. Stonestreet, had testified that, in 1894, he had made demand upon the administrator for a settlement of his administration and that the administrator refused to make the settlement, and that upon that testimony his Honor found as a fact that demand for the settlement was made in 1894. We cannot review that finding, and consequently there was no error in his holding that the action was not barred by the Statute of Limitations as to the defendant Williams and the other defendants, the personal representatives of deceased sureties.

The defendant, J. M. Cain, administrator of P. H. Cain, a deceased surety, excepted to the judgment on the further ground that his Honor held that he was liable as administrator notwithstanding the admitted fact that he had made a final settlement of his intestate's estate and after having given the notice required by law to creditors. There was no error in his Honor's ruling on that point and the exception to the judgment cannot be sustained. The liability of the intestate surety, as we have seen, is not barred by the Statute of Limitations. Notwithstanding that the defendant, J. M. Cain, administrator of P. H. Cain, has given notice to creditors according to law and has made a final settlement of his intestate's estate, he is still administrator (though not personally liable for any part of the recovery in this action) and the plaintiffs have resorted to a proper remedy to ascertain the amount of their debt against the estate of one of the deceased sureties on the bond.

No error.