SELF v. SHUGART.

(Filed April 26, 1904).

GUARDIAN AND WARD—*Limitations of Actions—Suretyship—The Code, secs. 154, 155, 163, 169, 1402, 1488, 1510, 1525, 1577, 1580, 1617, 1619—Bonds.*

An action by the ward against the sureties on the bond of the guardian is barred after three years from the time the ward becomes twenty-one years old if the guardian makes no final settlement; and within six years if the guardian makes a final settlement.

MONTGOMERY, J., dissenting.

ACTION by the State on the relation of Annie J. Self and another against J. L. Shugart and others, heard by *Judge W. H. Neal,* at April Term, 1903, of the Superior Court of SURRY County. From a judgment for the plaintiffs the defendants appealed.

*Watson, Buxton & Watson* and *W. L. Reece,* for the plaintiffs.

*Carter & Lewellyn* and *Glenn, Manly & Hendren,* for the defendants.

CLARK, C. J. On April 23, 1888, the defendant Shugart qualified as guardian of Annie and James Franklin and gave bond in the penal sum of $150, with Hollifield and Mc-Kaughan as sureties. The guardian made no returns to the Clerk (except returning the sale of some real estate May 3, 1888) until September 11, 1902, which was after the plaintiffs had made a demand for settlement in August, 1902. Annie Franklin became of age in April, 1890, and married in January, 1896. James Franklin became of age in April,

1895. The plaintiffs resided in Alabama. No demand for settlement was made on the guardian till August, 1902.

The guardian is insolvent, and the question whether or not he is protected by the statute is not raised. The sole controversy is whether the sureties are released by either the three, six or ten year statute of limitations, all of which are pleaded. If the sureties are released by the failure of the wards to bring suit within three years after arriving of age, neither the subsequent demand and refusal nor the filing a final account, after the statute became a bar, would revive it and set it in motion. Under The Revised Code, chapter 65, section 4, and statutes prior thereto, a delay of the ward for three years after attaining his majority to have a final settlement or to bring suit absolved the sureties from liability. *Johnson v. Taylor,* 8 N. C., 271; *Williams v. Mc-Nair,* 98 N. C., 332. But the plaintiffs contend that this is otherwise since the adoption of The Code of Civil Procedure. It has been held expressly against this contention of the plaintiffs in *Norman v. Walker,* 101 N. C., 24. There the guardian qualified in July, 1872, the ward became of age in September, 1876, the guardian died before the ward became of age without having settled his trust or made any of the required returns; in 1887 the ward made his demand upon the sureties and brought action against them. It was held that it was the duty of the guardian within three months after his appointment to exhibit his account under oath to the Clerk of the Court and to make annual returns (The Code, sections 1577, 1580); that his failure to do so was a breach of the bond, and that by The Code, section 155 (6), an action against the *sureties* on the official bond could be brought only within three years thereafter, except that by virtue of section 163 the beginning of the running of the statute as to a minor was postponed till his arrival at age. The plaintiff's contention that the statute ran only from

SELF *v.* SHUGART.

the filing of a final account (The Code, section 154) was overruled, and *Williams v. McNair,* 98 N. C., 336, was distinguished and held not in point. In *Norman v. Walker, supra,* the guardian having died before the ward became of age, the failure to settle with the ward at his majority was not relied on as a breach, but his failure to file his annual accounts.

In *Kennedy v. Cromwell,* 108 N. C., 1, *Norman v. Walker* was quoted and approved, and it was held:

1. That an action for breach of the bond of an executor, administrator or guardian is barred as to the sureties after three years from the breach complained of. The Code, section 155 (6).

2. That when a final account has been filed, an action to recover the amount shown thereby to be due is barred as to the sureties in six years from the filing of the account. The Code, section 154 (2).

3. Whether a final account is or is not filed, if there is a demand and refusal the principal, as well as the sureties, is absolved from liability if no action is brought within three years thereafter. This is because the refusal puts an end to the trust.

4. When there is neither final account filed nor demand and refusal, whether the executor, administrator or guardian himself is protected by the lapse of six years or ten years was left an open question, though it was intimated that ten years would certainly be a bar.

5. That when no final account has been filed, the statute begins to run from the arrival of the ward at age (The Code, section 163), but whether in such case three years or ten years bars as to the principal, *quære.*

6. When the statute begins to run the subsequent marriage of the *feme* plaintiff will not stop it. The Code, section 169.

These authorities are conclusive that, though there has been a change in the phraseology of the statute, the ward's right of action accrues against his guardian upon his arrival at age, and that the *sureties* on the guardian bond are protected by failure to bring action thereon within three years from any breach by failing to file his final account and settlement with his ward, which it is the guardian's duty to do upon the majority of the ward, while if a final account is filed, though there is no breach of the bond, yet as to the sureties the balance shown by such final account is conclusively presumed to be paid after the lapse of six years.

The general rule is, as above, that the statute of limitations begins to run against the maintenance of an action by the ward against his guardian and his bond at his majority. 15 Am. & Eng. Ency. (2 Ed.), 82, 121, and cases there cited; Angell on Limitations, section 178. The cases relied on by the plaintiffs are *Williams v. McNair,* 98 N. C., 336, which was held not applicable to a case like this by *Norman v. Walker,* 101 N. C., 24; *Woody v. Brooks,* 102 N. C., 334, which was cited and followed in *Kennedy v. Cromwell, supra;* and lastly, *Stonestreet v. Frost,* 123 N. C., 290. This last was an action against an administrator, whose office and duties, unlike those of a guardian, do not expire and absolutely terminate *ex vi termini* at a definite and predetermined date, and it was held that in such case, when there had been a demand and refusal to settle and an action brought within three years thereafter, the sureties were not absolved from liability, although there had been a failure of the administrator prior to the three years before action brought to file his annual account.

We think the true rule is that it is the duty of a guardian to settle with his ward on his arrival at age, and a failure to do this is such breach that if the ward fails to bring action within three years the sureties on the guardian bond are

absolved from liability under The Code, section 155 (6), for such failure to settle is necessarily "the breach complained of" in an action to recover any balance due by the guardian, when no final account was filed, while if such final account is filed in apt time the balance shown thereby to be due the ward is presumed paid (as to the sureties) after six years. As the guardianship ceases *ex vi termini* upon the arrival of the ward at age, the failure of the guardian to settle then is a breach of his duty, for which the ward can maintain an action to recover the amount due, and the failure by the ward to bring such action within three years thereafter must release the sureties on the guardian bond, who have been exposed to an action during these three years, unless a final account is filed showing a balance due, and then the statute is six years. The provision in The Code, section 1619, that the Clerk may require the guardian to file his final account at any time after the lapse of six months from the ward's coming of age, is not intended to bestow upon the guardian the ward's moneys and properties for six months after he becomes of age, nor to deprive him of the right to bring an action to recover them during the period, but simply means that the guardian is presumed to have settled with his ward within such six months, and after its lapse the Clerk can call on the guardian to file his final account, with the receipts of the ward, in full settlement to complete the record in his office, for that section states that such return shall be "audited and recorded." Such final account is intended to be subsequent to the settlement with the ward, not preparatory thereto. The six years statute, not the three years statute, begins to run as to the sureties from this required final return if any unpaid balance is shown, as the six years statute also runs from the final return of the administrator or executor which is required to be filed at the end of two years from his qualification (The Code, section 1402);

but three years after the lapse of such two years is not a bar to an action against the sureties on the bond if the final account is not filed at the end of two years. That the three years runs as to sureties on the guardian bond from the arrival of the ward at age, is held in *Kennedy v. Cromwell,* 108 N. C., 1, paragraph 5 of the headnote.

Upon the facts agreed, judgment should have been entered in favor of the defendant sureties.

Reversed.

Montgomery, J., dissenting. The law in force up to the time of the adoption of The Code of Civil Procedure— August, 1869—in respect to the right of sureties on guardian bonds to obstruct a recovery against them by the ward after a lapse of a statutory time, was in these words: "Any orphan or ward, coming to full age, and not calling on his guardian within three years thereafter for a full settlement of his guardianship, shall be forever barred as to the sureties on the bond of the guardian from all recovery thereon." Chapter 65, section 4 (The Act of 1895), Revised Code. In *Johnson v. Taylor,* 8 N. C., 271, that section of the Revised Code was construed to require more than a mere demand for such settlement. *Hall, J.,* who wrote the opinion, said: "I think it is incumbent on the infant, after arriving at full age, not only to call for a full settlement, but to have a final adjustment of all accounts, matters and things with his guardian in three years, and either sue for any balance that may be due him, or notify the sureties to the guardian bond of the true situation in which he stands to the guardian." The period prescribed for the commencement of a suit against the sureties on bonds of guardians, executors and administrators by the terms of The Code of Civil Procedure, section 34, subdiv. 6 (now subdiv. 6 of section 155 of The Code), is in these words: "An action against the sureties of any

executor, administrator (collector), or guardian on the official bond of their principal; within three years after the breach thereof complained of." There is no similarity in the language of the two provisions of law above referred to; and the section of The Code must have been intended to alter the statutory period in the Revised Code as to the commencement of actions against the sureties on the bonds of executors, administrators and guardians. But what change was intended is not very clearly stated to our minds. The section of the Revised Code was perfectly clear. The three years statute of limitations in all cases of breach of the bond began to run against the ward from the day he became twenty-one years of age as to the sureties. But what is meant by the words "Within three years after the breach thereof complained of" in The Code section is not very clear to me, and I can find no decisions precisely on that point.

There are difficulties connected with this subject. The provisions of the bond of a guardian, as they are required to be by section 1574 of The Code, are stated in terms most general. It is required that the bond must be conditioned that such guardian "shall faithfully execute the trust reposed in him as such, and obey all lawful orders of the Clerk or Judge touching the guardianship of the estate committed to him." Breaches of such a bond may be stated as, first, a failure to preserve and manage the ward's property, including not only that which he has received into his possession but also that which he ought to have received; second, failure to properly care for and support the ward; third, to render an account of the balance to the proper court when required to do so and to the ward when of age; and fourth, to pay that balance to the ward when it is demanded by him. As to any breach of the bond which may occur during the minority of the ward, and which breach may be alleged in a suit by a ward against his guardian after he becomes of age for

a settlement of a balance due to him, as a breach complained of, the rule laid down in The Code is clear. As for example, if the allegation should be that an annual return by the guardian was false, or that the guardian had failed to collect money or to get possession of property belonging to the ward and which he could have collected or gotten possession of, then if the ward did not commence his suit against the sureties on the bond within three years after he became of age a plea of the statute of limitations set up by the sureties would be good, or, if there had been a final account filed by the guardian showing a balance due to the ward, and the ward had demanded the payment of that balance when he became of age, and the guardian had refused to pay it, then there would have been a breach of the bond and the ward be compelled to commence his action against the sureties on his bond within three years from the refusal, or the sureties might obstruct the recovery by pleading the three years statute of limitatations. But in the latter case the law now in force, subdiv. 6 of section 155 of The Code, does not require that the ward shall commence action within three years after his arrival at full age, but only within three years after the breach complained of. Suppose, then, that there had been no breach of the bond by the guardian during the minority of the ward, and that a final account had been filed which was true and satisfactory to the ward, and he should delay for a longer period than three years after the filing of the final account before demand of payment for the amount as due by the final account and refusal to pay the same, the refusal to pay would then be the breach of the bond, and from that time the ward could bring his action within the next three years against the sureties and they could not plead the statute of three years. The six years statute, however, from the filing of the final account by the guardian would obstruct a recovery by the ward for the

reason that it would protect the guardian himself when sued on his official bond (section 154, subdiv. 2 of The Code); and the Court would not permit a surety on the bond to be bound after the principal on the bond was released by law. Of course a guardian who had returned no final account, or who had returned one with an admitted balance against himself in favor of the ward, would not be allowed to plead the statute of limitations.

And certainly he would not be allowed to hold in his hands a fund which he had admitted was due to his ward because of a lapse of time, but the suit would have to be brought against him not on his bond but as trustee. *Woody v. Brooks,* 102 N. C., 334. In the case before us the guardian never made any return to the Court during the minority of the plaintiffs—the wards. More than three years had elapsed after the youngest one of them had arrived at twenty-one years of age. Seven years after that time the defendant guardian made a report in the nature of a final account to the Superior Court in which there was an amount admitted to be due to the plaintiffs. They at once brought this action against the defendants, the guardian and the sureties on his bond. His refusal to pay it, or not paying it when the report was filed, was a breach of the bond; and while in the complaint the failure to make annual returns was stated, yet nowhere was it alleged that they were the breaches of the bond complained of. On the other hand, the plaintiffs accepted the final returns as true and brought an action to recover the amount therein stated, and that was the breach complained of. It may be said that this view of the law, instead of lightening the burdens of securities and freeing them from stale demands has the opposite tendency and effect; but it is to be said that this Court cannot make the laws. Its duty is to construe them when its judgment is asked. I think there is no error.

135——13

WALKER, J., concurring in result.   The conclusion of
the Court that the plaintiffs' cause of action is barred by
the statute of limitations is, in my opinion, correct, but I
cannot assent to the proposition that the statute begins to
run when the ward becomes of age, or *sui juris,* as a ruling
to that effect would be in conflict with an express provision
of the law.   As a general rule, it is true that the statute runs
from the time that the infant attains a majority, but an
action or proceeding by him against his guardian for an
account and settlement of the trust has been made an excep-
tion to the rule.   It is provided by section 1617 of The Code
that every guardian shall, within twelve months from the
date of his qualification or appointment, and annually
thereafter, so long as any of the ward's estate remains in
his control, file in the office of the Clerk of the Superior
Court an inventory and account, under oath, of the prop-
erty received by him, and of the investments made by him,
and also of his receipts and disbursements for the past year in
the form of debit and credit; and if he fails to render an
account, or files an insufficient or unsatisfactory one, he may
be compelled by order of the Clerk forthwith to file a full
and satisfactory one; and by section 1619 it is provided that
the guardian may be required to file his final account at any
time after six months "from the ward's coming to full age
or the cessation of the guardianship, but such account may
be filed voluntarily at any time."   It thus appears that
by statute the guardian is allowed six months after the ward
is of full age within which to account and settle with him,
and he may defer the settlement until the expiration of
that time if he chooses to do so.   No such provision has
been made in the case of an executor or administrator, who
is required to settle his administration at the end of two
years after his qualification, for it is provided as to him that
he shall file his final account for settlement at that time (The

Code, section 1402), and that he "shall not hold or retain in his hands more of the deceased's estate than amounts to his necessary charges and disbursements and such debts as he shall legally pay, but all such estate so remaining shall, immediately after the expiration of two years, be divided and delivered or paid to the person entitled thereto in law, or, in the case of an executor, under the will of the deceased." The Code, section 1488.

An action against the sureties of a guardian must be brought by the ward within three years after the alleged breach of the bond. The Code, section 155, subsec. 6. This does not refer necessarily to the failure of the guardian to file his annual account, but to any breach of the bond for which the ward, or any person suing in his behalf, may recover damages.

In our case the breach alleged is that the guardian, after the wards were of age, failed to account and to settle by paying the amount due from him to each of them. This is the substantial breach, the failure to file the annual account being only a technical breach for which the damages would be nominal, unless a substantial injury could be shown. The cause of action, or, to be more accurate, the right of action (*McLendon v. Comrs.,* 71 N. C., 38) accrued when the guardian failed to account and settle at the time fixed by law. It surely was not intended that the guardian should be required to settle, that is, to pay to his ward the amount due by him, until he has filed his final account, provided he does not defer the filing of the account beyond the time prescribed by the statute. The Legislature, for some good and sufficient reason, perhaps because his trust, unlike that of an administrator, may continue during a long period of time, has seen fit to allow a guardian six months after the ward has arrived at full age to put himself in a state of preparedness for a settlement and to file his final account. Whatever may have

been the reason for it, we find it so written in the statute, and to the provision we must give full force and effect.

In order to show that it was not intended there should be a settlement until the time when the final account of the fiduciary is due, or, in other words, that the filing of the account should precede the settlement, we need refer only to several sections of The Code wherein that intention is manifested, premising that in this respect there is no difference between the law as to an executor or administrator and that as to a guardian.

Section 1402 provides that an executor or administrator "may be required to file his final account for settlement at any time after two years from his qualification," and no executor or administrator shall retain after that time any of the deceased's estate, except the amount of necessary charges and disbursements and of unpaid debts (section 1488). Legatees and distributees may sue to recover their legacies and distributive shares at any time after the lapse of two years from the qualification of the personal representative, unless he shall sooner file his final account for settlement. (Section 1510). An executor or administrator, who has filed his final account for settlement, may at any time thereafter petition for settlement of the estate committed to his charge. (Section 1525). Any guardian who wishes to resign must "exhibit his final account for settlement." (Section 1608). These provisions of the statute show conclusively that the Legislature intended the final account always to precede the settlement. How can the ward or the Court know what is due, until after the final account has been filed.

As the guardian cannot therefore be called to account and required to pay over to his ward what is due from him to the latter until six months after the ward has reached his major-

ity, it follows that no action can be brought against him for that purpose until that time has expired.

In *Cooper v. Cherry,* 53 N. C., 323, it is said by *Pearson, C. J.,* for the Court, to be the settled doctrine "that no statute of limitations can begin to run and become a bar until the cause of action accrues, for the plain reason that the Legislature cannot be supposed to intend to require a creditor to do an impossible act under pain of having his right of action barred." The principle thus laid down applies as well to an action by a ward as to one by a distributee or next of kin. The right of action therefore accrued to the wards, in this case, six months after they respectively became of age, and the statute commenced to run from that time and not from the time they reached their majority. It may make no practical difference in this case which time is fixed for the starting of the statute, as much more than three and a half years elapsed between the time the plaintiffs arrived at full age and the commencement of this action; but it may become very important hereafter, in cases in which time will be material, and it is well that the time from which the statute runs, the *terminus a quo,* should be definitely and correctly stated.

The case of *Norman v. Walker,* 101 N. C., 24, is not in point. It appeared in that case that more than three and one-half years had elapsed after the ward became of age and before the suit was commenced and the question was not therefore involved. The same may be said of *Kennedy v. Cromwell,* 108 N. C., 1. The Code, section 155 (6), provides that the action against the sureties of a guardian on his official bond shall be barred within three years after the breach thereof alleged. The breach in this case is the failure to account and settle at the proper time. I do not see why the principle settled by this Court, that the filing of the final account terminates the trust, does not apply. If the filing

of the final account terminates the trust and sets the statute in motion, the failure to file it at the time when it is due must have the same effect. *Vaughan v. Hines,* 87 N. C., 445; *Hodges v. Council,* 86 N. C., 181; *Ivy v. Rogers,* 16 N. C., 58.

DOUGLAS and CONNOR, JJ., concur in the concurring opinion.