ÍLanly, J.
 

 George Kimbrough, Senior, the testator of the defendants, was the executor of George Kimbrough, Junior, and, therefore, the defendants, upon a well known principle-became the executor of the first testator. It appears, furthermore, that George Kimbrough, Junior, was the administrator of Philip Howard ; that he took administration in 1818, and died in 1823, without settling the estate of his intestate, and, thereupon, such property as was left unadministered, passed into the hands of the testator of the defendants. There was no representative of the estate of Philip Howard, from 1823, until 1857, when complainant took out letters of administration
 
 de bonis non,
 
 and soon after brought this bill for an account of his intestate’s estate.
 

 "We think, upon this state of facts, the administrator
 
 de bo-nis non,
 
 is entitled to an account from the defendants, who, as we have said, are the executors of the first administrator. A long time has elapsed, but any presumption which might arise from a mere efflux of time is perfectly rebutted by the fact that there was no one, from the death of George Kim-
 
 *174
 
 brough, Junior, to the grant in 1857, of administration
 
 cle bonis non,
 
 who was legally authorised to make a settlement.
 

 There is no statute bar in a case of this sort, but from long lapse of time, a presumption at common law, will arise that there has been either a settlement or an abandonment.
 

 It does not appear how the estate of Howard was administered. It seems that two slaves were divided as late as 1837, at the instance of George Kimbrough, Senior, among the next of kin, and it is averred generally, by his executors, that the estate was exhausted in the payment of debts, and proved insolvent, but no account was audited by commissioners, and none at any time rendered or filed. There was no settlement or attempt at settlement with those entitled, and the estate, thus unadministered, passed, after the death of the administrator, into the hands of his executor, 'George Kimbrough, Senior.
 

 The most favorable view which can be taken of the possession, or tenure by which the testator of the defendants heldj is upon an implied trust. ’With respect to such a trust, after the lapse of twenty years, and the absence of all proof as to the truth of the matter, a presumption of payment or satisfaction or abandonment will arise; but-this presumption is one of fact, and is rebuttable, and where it appeai-s it has not been settled, or where it appears there was no one with the legal power to make a settlement, the presumption is rebutted.
 

 Stale demands are unwillingly countenanced in courts. Interference in behalf of those who sleep on their rights, or who procrastinate them until evidence has passed away is reluctantly awarded, even where there is no statute-bar, but where the delay is explained, and the common law presumption repelled, we feel constrained to subject the matter to investigation by decreeing an account
 

 The conclusion is warrented by the cases of
 
 Falls
 
 v.
 
 Torrence,
 
 4 Hawks’ Rep. 412;
 
 Bird
 
 v.
 
 Graham,
 
 1 Ired. Eq. 196.
 

 Pbb Cukiam, Decree accordingly.