A. D. BRAWLEY, Adm'r v. S. J. BRAWLEY, Adm'r et al.

*Administrator—Statute of Limitations—Sureties.*

An administratrix was appointed in 1870, and died in 1877, before closing the administration; in 1889 an administrator *de bonis non* was appointed, who brought an action against the sureties of the first administrator for breach of the bond of their principal: *Held,* that there being no one *in esse* from the death of the first administrator, till the qualification of the administrator *de bonis non,* who could sue, that time should not be counted in applying the statute of limitations.

CIVIL ACTION, tried at August Term, 1891, of IREDELL Superior Court, *Armfield, J.,* presiding.

It appears that the intestate of the plaintiff died and his widow, Malinda C. Brawley, was duly appointed and qualified as administratrix of his estate on the 27th day of August, 1870, and took upon herself the burden of administering the same. Afterwards she died, in 1877, and the plaintiff was appointed and qualified as administrator *de bonis non* of her said intestate on the 4th day of November, 1889. There had been no final settlement of the estate in her hands.

The plaintiff brought this action against the sureties of the bond of said administratrix, alleging breaches of the condition thereof, in that she did not account and administer the estate in her hands, as she was bound to do, etc., and he demanded judgment that an account be taken of the administration and for the sum of the bond sued upon, to be discharged upon the payment of such sum as the plaintiff may be entitled to have, etc.

The defendants among other defences alleged, pleaded the statute of limitations, that the claim is old and stale, barred by the lapse of time, and upon these grounds resisted the order of reference, etc. It further appeared that the plain-

tiff was the son of the said administratrix—was of age when she died, and there had been no time since her death, when the defendant Johnston might not have been sued.

The Court was of opinion that there was no statutory bar, and entered an order directing a reference to take an account, etc. Thereupon the defendants excepted, and appealed.

*Messrs. Armfield & Turner* (by brief), for plaintiff.
*Mr. D. M. Furches,* for defendant.

MERRIMON, C. J.: It is important to observe that this action is not brought against the administrator of the intestate of the relator, nor, she having died in 1877, is it brought against her administrator, but it is brought only against the sureties to her bond as administratrix, and the plaintiff demands judgment that they account with him and pay such sum of money as his predecessor administratrix ought to have accounted for and administered in her life-time according to law.

Now, although there had been no final auditing of her account and filing of the same, as required by law, still she might, certainly after the lapse of two years next after her qualification, have been sued by any person interested for the purpose of compelling her to a settlement of the estate wherewith she was charged.  *The Code,* § 1402.

But the statute of limitations could not protect her until six years next after the " auditing of his (her) final accounts by the proper officer and the filing of such audited account, as required by law." *The Code,* § 154, par. 2; *Vaughan* v. *Hines,* 87 N. C., 445; *Walton* v. *Pearson,* 85 N. C., 44 ; *Woody* v. *Brooks,* 102 N. C., 334; *Kennedy* v. *Cromwell,* 108 N. C., 1.

It is very different, however, as to the defendants sued as sureties to the bond of the administratrix.  As to their case,

the statute (*The Code*, § 155, par. 6) prescribes that "an action against the sureties of any executor, administrator, collector or guardian, on the official bond of their principal," must be brought "within three years after the breach thereof complained of." See the cases cited, *supra*.

It appears in this case, however, that there was no administrator *de bonis non* until the plaintiff became such on the 4th day of November, 1889, and, hence, there was no one who could bring an action to compel the defendants to an account. It is insisted for the relator that, therefore, the statute invoked does not bar the relator's action. This seems to us to be fatal to the defendants' plea of the statute. This Court has repeatedly decided that the time lapsing while there is no one in *esse* who can sue, cannot be counted against the claimant when he comes into existence and brings his action, and the adverse party seeks to avail himself of the statute of limitations. This rule is just and reasonable. It would be essentially wrong to allow a party not in existence, and who could not sue, to be prejudiced by lapse of time. He should have fair opportunity to assert his right when he is competent to do so.

The defendants cannot reasonably complain in this case, because they might, and they ought, if no one else interested would have the estate of the intestate of the relator wound up, to have done so themselves. It was important to them that it should be done, and, if need be, one of them might have become administrator *de bonis non*. They were in default that they did not act promptly. It is no sufficient excuse to say that some other interested person ought to have so administered. So no doubt some such person ought to have done, but his neglect cannot excuse the defendants. The law intends that the estate of a deceased persons shall be administered as it prescribes. These and other decisions settle the rule as stated above. *Buie* v. *Buie*, 2 Ired., 87;

*Jones* v. *Brodie*, 3 Murphy, 594; *Godley* v. *Taylor*, 3 Dev., 179; *Grant* v. *Hughes,* 94 N. C., 231; *Long* v. *Clegg*, Id., 763; *Baird* v. *Reynolds,* 99 N. C., 469; *Brittain* v. *Dickson,* 104 N. C., 551.

Affirmed.

DAVIS, J., dissented.