T. M. GILL, Administrator, v. T. N. COOPER et al., Executors.

*Liability on Administrator's Bond—Statute of Limitations— Demand—Judgment.*

1. G. was appointed administrator of D. in June and died in August, 1883. In September, 1889, judgment was rendered upon an action begun in 1884 against G.'s executors establishing G.'s liability, as administrator, for misuse of D.'s estate : *Held*, an action begun in October, 1889, against G.'s sureties was barred by the statute of limitations.

2. The plaintiff might have begun his action immediately after his demand upon G.'s executors and their refusal in 1884, and the statute runs from that date.

3. It is no breach of an administrator's bond to refuse to pay a claim until the same is established by judgment.

This was a CIVIL ACTION, heard at the May Term, 1892, of IREDELL Superior Court before *McIver, J.*

The facts are set out in the opinion.

*Messrs. Bingham & Caldwell* (by brief), for plaintiff.
*Messrs. Armfield & Turner* (by brief), for defendants.

BURWELL, J.: This action was referred by consent, and the referee found that the plaintiff's cause of action against the defendants, Cooper and Clegg, was barred by the statute of limitations (*The Code*, § 155, [6]). The plaintiff excepted; the matter was heard upon this exception, and it was over-ruled. There was judgment for said defendants, and plaintiff appealed.

A. F. Gaither was appointed administrator of the estate of John Diffie in June, 1883; the defendants Clegg and Cooper became sureties on his bond; Gaither died in August, 1883, without having rendered any inventory of the estate; the plaintiff was appointed administrator *de bonis non* of the estate of John Diffie in February, 1884; in April, 1884, he brought an action against the executors of the will of A. F. Gaither for an account and settlement of the estate of Diffie, which had come into the hands of their testator, alleging in his complaint that the defendant executors had "failed, neg-lected and refused to make final settlement of the estate of said John Diffie, though often requested so to do." The defendant executors in their answer, filed in that action, denied that they had in their hands any assets belonging to the estate of John Diffie. In September, 1889, the plaintiff obtained a judgment against Gaither's executors, and in October, 1889, he began this action against Cooper and Clegg, the sureties on the bond given by Gaither in 1883.

*The Code*, § 155 (6), provides that an action against the sureties on the bond of an administrator shall be barred, unless brought "within three years after the breach thereof complained of." The breach of this bond which is "com-plained of" in this action is the failure to pay over to the plaintiff, the administrator *de bonis non* of the estate of John Diffie, the money due to that estate from the estate of A. F. Gaither, the first administrator. It was the duty of the per-sonal representatives of A. F. Gaither to make this payment and deliver up to the plaintiff any assets found by them

among the assets of their testator, Gaither, as soon as demand was made therefor. Such a demand was made in 1884, and not only did the executor of Gaither refuse to account and pay, but expressly denied that the estate of their testator was indebted to the estate of Diffie, and alleged that they had in their hands no assets belonging to that estate. Immediately after that demand and refusal, an action might surely have been brought against the sureties Cooper and Clegg to enforce compliance with that lawful requirement, and if a cause of action then arose in favor of the plaintiffs and against these sureties, time then began to run in their favor, and, as the plaintiff chose to wait from the time of his demand (1884) till 1889 before bringing suit against them, his cause of action against them is barred by the section of *The Code* above mentioned. Nor can he escape the effect of this statute by saying that the breach he complains of is not anything done by A. F. Gaither, the first administrator, who died in 1883, nor the refusal to his executors to pay over upon demand in 1884, but that the breach of which he complains is their failure to pay the judgment which he recovered against them in 1889 in an action brought in consequence of that refusal. In *Ream* v. *Davis*, 99 N. C., 425, the alleged breach was the failure to pay the judgment rendered in 1879, in a suit begun in 1876 against an administrator, and it was held that the cause of action against his surety was not barred till three years after his refusal to pay the judgment. In that case, the plaintiff was a *creditor* of the intestate, and it was no breach of the administration bond to refuse to pay a claim presented till it was established by a judgment. In this case the plaintiff is the administrator *de bonis non,* and the refusal of the personal representative of the deceased administrator to account with him was the breach of the bond.

No Error.