J. A. BURGWYN, Administrator d. b. n. of J. M. ROGERS, v. W. E. DANIEL, Administrator of J. M. GRANT.

*Administration—Annual and Final Account—Statute of Limitations.*

1. An account filed by an administrator entitled "Annual Account" on its face, and so styled by the Clerk in approving and filing it, and recorded in the "Record of Accounts," and not in the record of "Final Settlements," and, moreover, showing a balance struck and in the hands of the administrator for the exigencies of the estate, and not as due the distributees, is not a "final account" to which the six years statute of limitation is applicable.

2. Where such an account is filed by a public administrator, the trust is not ended and the statute does not begin to run until his resignation and the appointment of an administrator *de bonis non*.

3. In such case, the sureties on the bond of the first administrator will be protected by the lapse of three years from the taking out of letters of administration *de bonis non*.

CIVIL ACTION, tried before *Whitaker, J.*, and a jury, at December Term, 1893, of NORTHAMPTON Superior Court.

The complaint alleged the death, in the year 1879, of Joseph M. Rogers; the taking out of letters of administration on his estate by J. M. Grant (the intestate of the defendant Daniel), who was public administrator of Northampton County, and on whose bond as such the other defendants (or their intestates) were sureties; the resignation of the office of public administrator by the said Grant in November, 1887; the negligence of the said Grant in failing to collect assets

of the estate, etc.  The said Grant having died intestate in February, 1892, the defendant Daniel was appointed his administrator shortly thereafter.  In April, 1892, the relator of the plaintiff took out letters of administration *de bonis non* on the estate of J. M. Rogers.  The prayer is for an account, etc., and judgment against the defendant Daniel, as administrator of Grant, and the sureties on the said bond.

The answer denied the allegations of the complaint as to the negligence of Grant as administrator, etc., and averred that on the 4th day of March, 1884, Grant filed his final account as administrator of Rogers, which, as alleged, was audited and approved by the Clerk and duly recorded.  The defendant also pleaded the statutes of limitation of ten, six and three years.

The material issues submitted, and the answers thereto, are as follows:

" 1. Is the plaintiff's first cause of action on the first bond mentioned in the complaint barred by the ten  years statute of limitation?  Answer—No.

" 2. Is the plaintiff's second cause of action on the first bond mentioned in the complaint barred by the ten years statute of limitation?  Answer—No.

" 3. Is the plaintiff's first cause of action on the first bond mentioned in the complaint barred by the six  years statute of limitation?  Answer—No.

" 4. Is the plaintiff's second cause of action on the first bond mentioned in the complaint barred by the six years statute of limitation?  Answer—No.

" 5. Is the plaintiff's first cause of action on the first bond mentioned in the complaint barred by the three years statute of limitation as to the sureties on said bond?  Answer—No.

" 6. Is the plaintiff's second cause of action on the first bond mentioned in the complaint barred by the three years statute of limitation, as to the sureties on  said bond?  Answer—No."

The plaintiff introduced inventory of J. W. Grant as administrator of J. M. Rogers, returned July 22, 1879, showing that personal property and choses in action belonging to the estate of said Rogers then went into the said Grant's hands as such administrator.

It was admitted that Grant resigned his office of public administrator on the 15th day of November, 1887, and that W. F. Grubbs was appointed in his stead but never took out letters of administration on the estate of J. M. Rogers; that Grant died Febuary 15, 1892; that this action commenced May 13, 1892; that J. A. Burgwyn qualified as administrator *de bonis non* on the estate of J. M. Rogers on the 23d day of April, 1892. Defendants introduced account of James W. Grant as adminisstrator of J. M. Rogers, recorded in book marked on back " Record of Accounts."

J. T. Flythe, the present Clerk, was examined by plaintiff, and stated that the annual accounts of administrators are filed in a book entitled " Record of Accounts," and their final accounts are recorded in a book entitled " Final Settlements." Witness stated he had examined his books marked " Record of Accounts " and " Final Settlements," and he could find no other account returned by James W. Grant as administrator of J. M. Rogers, except the one before mentioned marked " Exhibit A;" that he had searched his office for final account of J. W. Grant as administrator of J. M. Rogers, and found none.

Plaintiff testified for himself that Walter E. Daniel, administrator of J. W. Grant, turned over to him some notes belonging to the estate of J. M. Rogers.

His Honor charged the jury :

" 1. That the account marked 'A,' and before mentioned, was not a final account, and the six years bar of the statute of limitations had no application to this case, and that if the jury believed the evidence they should answer Issues 3 and 4 ' No.' "

To this instruction the defendants excepted.

BURGWYN *v.* DANIEL.

" 2. That the statute of limitations did not begin to run in favor of any of the defendants as to the ten years bar until the resignation of J. W. Grant, public administrator, on the 15th day of November, 1887, and as ten years had not elapsed from that time to the commencement of this action the jury should, if they believed the evidence, answer the first and second issues ' No.' "

To this instruction the defendants excepted.

" 3. That the statute of limitations did not begin to run in favor of any of the defendants as to the three years bar until the resignation of said Grant as public administrator on the 15th day of November, 1887, and inasmuch as there was no administration on J. M. Rogers' estate from that time till the qualification of the plaintiff on the 23d of April, 1892, in passing on the three years bar the time from the said resignation of Grant as public administrator to the qualification of said Burgwyn should not be counted, and hence, if the jury believed the evidence they should answer ' No ' to the fifth and sixth issues,"

To this instruction the defendants excepted.

The jury answered " No " to all the issues.

In addition to the above exceptions appellants excepted to the ruling of the Court that the account put in evidence was not a final account so as to put the statute of limitations to running.

There was judgment directing a reference under *The Code* to state an account, etc., and defendants appealed.

*Messrs. W. W. Peele & Son*, for plaintiff.

*Messrs. W. H. Day* and *R. B. Peebles*, for defendants (appellants).

CLARK, J.: The account is entitled on its face an annual account; it is so styled by the Clerk in approving and filing it, and it is recorded by him in his " Record of Accounts "

and not in the book entitled " Final Settlements." The Court properly instructed the jury that it was not a final account, and that the six years statute of limitations did not apply. In *Vaughan* v. *Hines*, 87 N. C., 445, the account held to be a final account showed that all the debts and expenses of the estate had been paid, and that there was a net balance which had been found " due the heirs " at a date more than a year previous. The present account merely shows a balance struck and in the hands of the administrator for the exigencies of the estate. The Court also correctly told the jury that, there being no final account, the trust was not ended, and the statute did not begin to run till the resignation of the administrator. In *Glenn* v. *Kimbrough*, 58 N. C., 173, it was held that the lapse of thirty-four years did not bar an action by the administrator *de bonis non* against the representatives of the first administrator when there was no administrator *de bonis non* during that period. Whether the ten years limitation in section 158 of *The Code* now applies in such cases, it is not necessary to decide in this case, as that period has' not elapsed. The defendant cannot complain that the Judge held that ten years would have been a bar. The sureties would have been protected by the lapse of three years from the taking out of letters of administration *de bonis non. Brawley* v. *Brawley*, 109 N. C., 524. It may be noted that that case has been sometimes misunderstood. It does not change the construction placed upon section 164 of *The Code*, that an action must be brought by a representative of a creditor within one year after his death, and against the representative of a debtor in one year after taking out letters of administration, when it would otherwise have become barred. *Benson* v. *Bennett*, 112 N. C., 505; *Coppersmith* v. *Wilson*, 107 N. C., 31.

*Brawley* v. *Brawley* held that the statute of limitations did not run to bar an action by an administrator *de bonis non* against the representative and bondsmen of a deceased administrator while there was no administrator *de bonis non*—

no one *in esse* who could bring such action.   This would not apply to an action brought by the creditor, or a distributee, or legatee, directly against the representative of the deceased executor, administrator or guardian and their sureties for breach of the bond.   Of course, after the death of the first administrator, an action to establish a disputed debt could be brought only against the administrator *de bonis non.*

Affirmed.