STATE EX REL MATTIE L. ANDERSON-OLIVER AND HUSBAND v. UNITED STATES FIDELITY COMPANY AND E. E. GORHAM, ADMINISTRATOR.

(Filed 31 October, 1917.)

1. **Limitations of Actions—Guardian and Ward—Surety.**

   An action against a guardian and his bondsman, where no final account has been filed, is barred after three years from the time of default and, at farthest, within three years from the ward's coming of age. Rev., sec. 395, subsec. 6.

2. **Limitations of Actions — Foreign Corporation—Process—Service—Statutes—Pleas in Bar.**

   Where foreign corporations come into the State to do business after the enactment of a statute providing a method of personal service on them, reasonably calculated to give them full notice of the pendency of suits against them, the statutory provisions are regarded as conditions on which they are allowed to do business within the State, and their doing so here thereafter is an acceptance by them of the statutory method and in recognition of its validity to confer jurisdiction on our courts by service thereunder.

3. **Same—Guardian and Ward—Process—Service—Pleas in Bar.**

   Under the provisions of Revisal, section 1243, requiring foreign corporations doing business within the State to have an officer here upon whom process can be served, etc., of section 440, providing that service of process may be made on certain officers or agents of such corporation, and of section 4750 "authorizing service on the Insurance Commissioner," etc.: *Held*, the statute of limitations is not suspended against the surety on a guardian bond by reason of such surety being a foreign corporation (section 395) when it is shown that it continuously had a general agent within the jurisdiction of our courts for executing judicial bonds and collecting premiums thereon for the company and had complied with section 440 authorizing service of process on the Insurance Commissioner.

CIVIL ACTION tried before *G. W. Connor, J.,* and a jury, at the April Term, 1917, of CUMBERLAND.

The action was instituted to recover on a guardian bond executed by John C. Gorham and the Fidelity Company as surety to recover an amount alleged to be due the ward, *feme* plaintiff.

On denial of liability and plea of statute of limitations, the jury rendered the following verdict:

1. Is plaintiff's cause of action barred by the statute of limitations? Answer: No.

2. What amount is plaintiff entitled to receive of defendants? Answer: $7,610.12, with interest from 5 June, 1904.

Judgment on the verdict for plaintiff, and defendant, the Surety Company, excepted and appealed.

*Sinclair, Dye & Ray for plaintiff.*
*E. G. Davis for defendant.*

HOKE, J. On the hearing there was evidence tending to show that in December, 1904, John C. Gorham, intestate, qualified as guardian of *feme* plaintiff and gave bond with defendant company, a foreign corporation, as surety; that on 9 November, 1906, said guardian filed an annual account showing receipt of guardianship funds, with a balance then due of $1,464.23, and that no other account was ever filed by him; that during his guardianship he received other funds belonging to his ward for which he has failed to account, and died on 28 February, 1910, owing said ward a balance of $7,610.12, with interest, etc.; that soon after his death defendant E. E. Gorham qualified as his administrator, and judgment for said amount has been duly entered against him; that the ward became of age on 25 April, 1911, and two years thereafter she, through her attorneys, demanded an accounting and settlement of the defendant company of all amounts due by reason of said guardianship; that some time thereafter (precise date not given) she intermarried with coplaintiff, and on 12 January, 1917, instituted the present action.

It was further shown that Q. K. Nimocks, resident in Fayetteville, N. C., was general agent of defendant bonding company in Cumberland and several other counties, and has been since the company began business in the State in 1896; that he is general agent for the company for executing their judicial bonds, collects premiums on such bonds written by him, and has done so since he has served as general agent, etc.

Upon these, the facts chiefly relevant, his Honor, in effect, instructed the jury that if they believed the evidence they would answer the issue as to statute of limitations "No," and in this we think there was error which entitles appellant to a new trial. The guardian having filed no final account, the statute of limitations applicable is three years from the time of default and, at farthest, within three years from the ward's coming of age. *Self v. Shugart,* 135 N. C., 185; Revisal, sec. 395, subsec. 6.

This being true, on the facts in evidence, plaintiff's cause of action is clearly barred unless it is preserved by reason by section 366 of the Revisal, which suspends the running of the statute in certain cases on account of absence from the State, and this, in the present instance, because of the fact that defendant is a foreign corporation.

Considering the case in that aspect, under the decision in *Volivar v. Cedar Works,* 152 N. C., 656 (opinion by *Associate Justice Brown*), it is established with us that where a foreign corporation has complied with provision of our statute, Rev., sec. 1243, by maintaining an agent in the State upon whom valid service of process may be had, our statute

of limitations is available for its protection as in case of citizens and residents within the State. And a perusal of this well-considered decision and others to like purport will show that the principle is not restricted to cases where there has been formal compliance with the statutory requirements for domesticating these corporations and the appointment of process agents, but it extends and should apply to all cases where such corporations doing business or holding property within the State have been continuously for the statutory period subject to valid service of process, so as to confer jurisdiction on our courts to render binding judgments *in personam* against them. *Turcot v. R. R.,* 101 Tenn., 102; *Huss v. Central Bank Co.,* 66 Ala., 472-475; *Pa. Co. v. Sloan,* 1 Ill. App. Ct., 364; *Lidway v. Live Stock Co.,* 187 Mo., 649, and see generally *So. Ry. v. Greene,* 216 U. S., 400; Murfree on Foreign Corporations, sec. 94; 13 Am. and Eng. Enc. (2d Ed.), 904.

Authoritative cases on the subject are to the effect, further, that when a State by its statutes has established and provided a method of personal service of process on foreign corporations doing business therein, one that is reasonably calculated to give full notice to such companies of the pendency of suits against them, these provisions are to be regarded as conditions on which they are allowed to do business within the State, and when they afterwards come into the State and enter on their business they are taken to have accepted as valid the statutory method provided, and such a service will be held to confer jurisdiction. *St. Clair v. Cox,* 106 U. S., 350-356; Beale on Foreign Corporations, secs. 74 and 266.

In citation to Beale, sec. 266, it is said: "The consent to be sued may be implied from the conduct of the foreign corporation. If the law of the State provides that a foreign corporation doing business in the State shall be liable in its courts after process served in a prescribed manner, this is to be regarded as the expression of the will of the State that a foreign corporation shall do business in the State only on condition that it consent to be sued," etc.

Referring, then, to our State legislation on the subject as to foreign corporations generally, Revisal, section 1243, provides that every corporation doing business in this State, whether incorporated under its laws or not, shall have one officer in the State upon whom process can be served, etc., and that such process may be properly served by leaving a true copy of the process with the Secretary of State, etc. And in foreign companies doing business within the State, we have held that valid service of court process can be made in the manner indicated, and also on officers and agents of the company, in cases specified as to foreign corporations in the general provisions of section 440 of the Revisal, construed in *Whitehurst v. Kerr,* 153 N. C., 76, and other cases.

As to companies coming under the general insurance laws of the State, and who have obtained license to do business here under its laws, the method of service is provided in section 4750 of Revisal, "authorizing service on the Insurance Commissioner, its general agent for service, or on some officer of the company." And as to building and loan associations, provision for service is made in Revisal, section 3906.

If these last mentioned companies are doing business without such license, they are no doubt subject to service under the general provisions of the former sections of the Revisal, sections 1243-440.

Considering the record in view of these principles and the statutory provisions applicable, there has not been a time during the entire period covered by these transactions when valid service on defendant company could not have been had, and if the facts as now presented are accepted by the jury, plaintiff's cause of action is barred.

For the error indicated, plaintiff is entitled to a new trial of the cause, and it is so ordered.

New trial.