STATE OF NORTH CAROLINA ON THE RELATION OF MABEL FOUNTAIN FINN, ERMA FOUNTAIN ANDERSON, REGINALD FOUNTAIN, AND REGINALD FOUNTAIN, GUARDIAN OF L. H. FOUNTAIN v. JEFFERSON L. FOUNTAIN, JR., AND THEODORE K. FOUNTAIN, EXECUTOR OF J. L. FOUNTAIN, DECEASED, JEFFERSON L. FOUNTAIN, JR., AND THEODORE K. FOUNTAIN, TRUSTEES UNDER THE WILL OF J. L. FOUNTAIN, DECEASED, MARY KING FOUNTAIN, AND RURIK G. GAMMON, ADMINISTRATOR OF THEODORE FOUNTAIN, DECEASED.

(Filed 11 October, 1933.)

1. Limitation of Actions C a—Guardian's payment of interest on sum due ward after majority does not affect bar of statute as to sureties.

The liability of a surety on a guardianship bond is dependent upon the guardian's failure to pay damages caused by breach of the bond, and an action is barred as to the sureties in three years from the accrual of a cause of action for breach of the bond, C. S., 441(6), and an action for breach of the bond based upon the guardian's failure to pay the ward the balance of the estate due the ward within six months after the ward attains his majority is barred as to the sureties after three years from the date the guardian should have made payment, C. S., 2188, and the fact that the guardian continued to pay the ward interest on the amount due the ward for several years after the ward's majority does not affect the running of the statute as to the sureties.

**2. Limitation of Actions B a—Action against guardian for failure to pay balance due ward is barred after six years from final account.**

An action against a guardian for failure to pay the ward the balance of the estate due the ward after the ward has attained his majority is not barred by the six-year statute of limitations where the guardian has not filed a final account, C. S., 439(2), the statute not applying to such action.

APPEAL by the plaintiffs, Mabel Fountain Finn and Erma Fountain Anderson, from *Daniels, J.,* at April Term, 1933, of EDGECOMBE. Modified and affirmed.

This is an action to recover of the defendants on a guardian bond. The bond is dated 25 February, 1919, and was executed by Theodore Fountain, as guardian of Mabel B. Fountain (now Finn), Erma Fountain Anderson, Reginald Fountain, and L. H. Fountain, each of whom was under the age of twenty-one years at the date of the execution of the bond, and by J. L. Fountain and V. E. Fountain, as sureties. The action was begun on 2 December, 1931.

The guardian, Theodore Fountain, died intestate during the month of August, 1931; the defendant, Rurik G. Gammon, has been duly appointed and has duly qualified as administrator of the said Theodore Fountain, deceased.

The surety, J. L. Fountain, died during the year 1927, leaving a last will and testament which has been duly probated and recorded; the defendants, Jefferson L. Fountain, Jr., and Theodore K. Fountain, are the executors of the said J. L. Fountain, deceased, and are also trustees named in his will. The defendant, Mary King Fountain, is the widow of J. L. Fountain, deceased, and is a devisee and beneficiary named in his will.

The surety, V. E. Fountain, was adjudged a bankrupt in a bankruptcy proceeding instituted in the United States District Court for the Eastern District of North Carolina on 14 December, 1926, and was discharged from liability on the bond sued on in this action by an order and decree of said Court on 3 October, 1927.

At the trial of the action, it was ordered and adjudged by the Court that the plaintiff, Reginald Fountain, recover of the defendants other than V. E. Fountain, in his own behalf, the sum of $3,000.00, and as guardian of L. H. Fountain, the sum of $4,000.00, these being the amounts in which the jury found that said defendants are indebted to the said plaintiffs, respectively. There was no exception to or appeal from said judgment.

It was admitted at the trial that the plaintiff, Mabel Fountain Finn, became of the age of twenty-one years during the year 1924 and that the plaintiff, Erma Fountain Anderson, became of the age of twenty-one years during the year 1921.

The evidence at the trial showed that Theodore Fountain as guardian of Mabel Fountain Finn filed in the office of the clerk of the Superior Court of Edgecombe County on 13 March, 1924, his annual account as such guardian, showing that the sum due by him as her guardian at said date was $3,131.15. This annual account was duly audited and approved by the clerk of the Superior Court. No final or other account was thereafter filed by the said Theodore Fountain as guardian of the plaintiff, Mabel Fountain Finn.

The evidence at the trial also showed that Theodore Fountain as guardian of Erma Fountain Anderson filed in the office of the clerk of the Superior Court of Edgecombe County on 17 August, 1920, his annual account as such guardian, showing that the sum due by him as her guardian at said date was $2,993.99. This annual account was duly audited and approved by the clerk of the Superior Court. No final or other account was thereafter filed by the said Theodore Fountain as guardian of the plaintiff, Erma Fountain Anderson.

There was evidence at the trial tending to show that after the plaintiff, Mabel Fountain Finn, and the plaintiff, Erma Fountain Anderson, each became of the age of twenty-one years, and until the year 1930, Theodore Fountain paid to each of them, annually, the interest on the amount due her by him.

The court was of opinion that upon the facts admitted at the trial, the action was barred by the statute of limitations as to the plaintiff, Mabel Fountain Finn, and also as to the plaintiff, Erma Fountain Anderson, as against both the guardian and the sureties on his official bond, and therefore adjudged that the action be and the same was dismissed as to these plaintiffs.

From the judgment dismissing the action as to them, the plaintiffs, Mabel Fountain Finn and Erma Fountain Anderson appealed to the Supreme Court.

*H. H. Philips for plaintiffs.*

*Ruark & Ruark for defendants, Jefferson L. Fountain and Theodore K. Fountain, executors and trustees of J. L. Fountain, deceased.*

CONNOR, J. This is an action to recover on the official bond of a guardian. The court was of opinion that on the facts admitted at the trial the action is barred by the statute of limitations as against both the guardian and the sureties on his bond. In accordance with this opinion, the action was dismissed, and the plaintiffs appealed to this Court. The only assignment of error on the appeal is based upon the exception to the judgment.

The guardian and one of the sureties on his bond had died before the commencement of the action. The other surety, who was made a

party defendant after the action was begun, had been adjudged a bankrupt, and had been duly discharged from liability on the bond. The action was prosecuted on behalf of the appealing plaintiffs against the administrator of the deceased guardian, and the executors of the deceased surety. The guardian had failed to pay to either of the plaintiffs the amount due her by him as guardian when she became of the age of twenty-one years, or within six months thereafter. This is the breach of the bond complained of as the cause of action alleged in the complaint.

At the date of the commencement of the action more than three years had elapsed since the plaintiffs, Mabel Fountain Finn, and Erma Fountain Anderson, had become of the age of twenty-one years. As to these plaintiffs, the action is, therefore, barred by the statute of limitations as against the defendants, executors of the deceased surety. C. S., 441(6), *Self v. Shugart,* 135 N. C., 185, 45 S. E., 484; *Anderson v. Fidelity Co.,* 174 N. C., 417, 93 S. E., 948, unless as contended by the plaintiffs, the payment by the guardian of interest on the amount due by him to each of the plaintiffs, each year after she became of the age of twenty-one years until the year 1930, suspended the statute of limitations as to the sureties on his official bond.

The period prescribed by the statute within which an action against the sureties on the official bond of a guardian must be begun is three years after the breach complained of as the cause of action alleged in the complaint. C. S., 441(6). In the instant case, the cause of action alleged in the complaint accrued at the expiration of six months from the date when the plaintiffs, respectively, arrived at the age of twenty-one years. C. S., 2188. The statute of limitations began to run against each of the plaintiffs and in favor of the sureties on the bond at said date, and continued to run for more than three years and six months before the action was begun. The running of the statute as against the plaintiffs and in favor of the sureties was not suspended by the payment of interest by the guardian on the amount due by him to each of the plaintiffs. The liability of the sureties on the bond is a conditional liability, dependent upon the failure of the guardian to pay the damages caused by his breach of the bond. The guardian and the sureties are not in the same class. For that reason the payment by the guardian of interest on the amount due by him to his former wards did not suspend the statute of limitations which began to run against each of his wards, when she became twenty-one years of age. *Barber v. Asher Co.,* 175 N. C., 602, 96 S. E., 43; *Wood v. Barber,* 90 N. C., 76. There was no error in dismissing the action as to the defendants, the executors of the deceased surety. As against them, the action is barred by the statute of limitations.

As against the guardian, the statute of limitations began to run at the expiration of six months from the date when the plaintiffs respectively became of the age of twenty-one years. As the guardian failed to file a final account within six months after his wards became of age, the six-year statute of limitations (C. S., 439(2) has no application to this action. For this reason there was error in the judgment dismissing the action as to the administrator of the deceased guardian on the ground that the action is barred as against the said administrator by the six-year statute of limitations. The judgment as modified in accordance with this opinion is

Affirmed.