W. G. SMITH AND HIS WIFE, ORA H. SMITH, v. THE FINANCE COMPANY OF AMERICA.

(Filed 21 November, 1934.)

1. **Process B d—**

A foreign corporation, having property and doing business in this State and not having a process agent here, may be served with summons by service on the Secretary of State, in accordance with C. S., 1137.

2. **Limitation of Actions B e—**

The nonresidence of a foreign corporation will not prevent the running of the statute of limitations in its favor where constantly from the accrual of the cause of action it might have been served with summons under the provisions of C. S., 1137.

3. **Limitation of Actions A b—**

An action to recover the statutory penalty for usury, C. S., 2306, is barred after the lapse of two years from the accrual of the cause of action in the absence of disability or nonresidence affecting the running of the statute. C. S., 442 (2).

APPEAL by plaintiffs from *Grady, J.,* at June Term, 1934, of WAKE. Affirmed.

This is an action to recover of the defendant the statutory penalty for usury. C. S., 2306.

Among other defenses relied on by it, the defendant in its answer pleads the statute of limitations, C. S., 442 (2). The facts with respect to this defense were agreed on by the parties to the action. They are as follows:

1. The plaintiffs are citizens of the State of North Carolina and residents of Wake County, in said State.

2. The defendant is a corporation, organized under the laws of the State of Delaware, with its principal office in the city of Baltimore, in the State of Maryland. It has not been domesticated in the State of North Carolina, and at the date the cause of action alleged in the complaint accrued it did not have, nor has it at any time since said date had in this State, a process agent on whom summons or other process could be served. It has, however, since said date continuously, until the commencement of this action, owned property and done business in this State.

3. The summons in this action was issued on 28 September, 1933, and was served on Stacey W. Wade, Secretary of State of North Carolina, under the provisions of C. S., 1137. The cause of action alleged in the complaint accrued more than two years prior to 28 September, 1933.

On these facts the court was of opinion, and accordingly adjudged, that the action of the plaintiff is barred by the statute of limitations, and that for that reason the plaintiffs cannot maintain this action.

The plaintiffs appealed from the judgment to the Supreme Court, assigning error in the judgment.

*J. A. Thebault for plaintiff.*
*J. L. Emanuel and Oscar Leach for defendant.*

CONNOR, J. Under the provisions of C. S., 1137, where a corporation having property or doing business in this State, whether incorporated under its laws or not, has failed to have an officer or agent in this State upon whom service of process in an action begun in a court of this State against such corporation may be served, such process may be served on the Secretary of State by leaving a copy of the process with him. In such case the Secretary of State is required by the statute to mail the copy to the president, secretary, or other officer of the corporation, upon whom, if he was a resident of this State, service could be made. A service of process under the provisions of the statute is valid. In *Lunceford v. Association,* 190 N. C., 314, 129 S. E., 805, it is said: "And in case of foreign corporations doing business in this State without complying with the provisions of said section, we have held that valid service of process may be made under this statute in the manner indi-

cated, as well as on officers and agents of such corporations under the general provisions of C. S., 483."

In the instant case such service could have been made on the defendant at the date the cause of action alleged in the complaint accrued. For that reason the statute of limitations (C. S., 442 [2]) began to run at the date the cause of action accrued, and as service could have been made under the statute at any time before the commencement of this action, the statute continued to run against the plaintiffs. The defendant, although a nonresident or foreign corporation, was at all times from the date the cause of action accrued until the commencement of this action subject to the jurisdiction of the courts of this State. *Steele v. Telegraph Co.,* 206 N. C., 220, 173 S. E., 583. For that reason, two years having elapsed from the date the cause of action accrued to the date of the commencement of the action, the action is barred. See *Anderson v. Fidelity Co.,* 174 N. C., 417, 93 S. E., 948, where it is said that "it is established with us that when a foreign corporation has complied with provisions of our statute, Rev., sec. 1243 (C. S., 1137), by maintaining an agent in the State upon whom valid service of process may be had, our statute of limitations is available for its protection as in case of citizens and residents within the State, and a perusal of this well-considered decision (*Volivar v. Cedar Works,* 152 N. C., 656, 68 S. E., 200); and others to like import, will show that the principle is not restricted to cases where there has been formal compliance with the statutory requirements for domesticating these corporations and the appointment of process agents, but extends and should apply to all cases where such corporations doing business or holding property within the State have been continuously for the statutory period subject to valid service of process, so as to confer jurisdiction on our courts to render binding judgments *in personam* against them."

There is no error in the judgment. It is
Affirmed.