STATE EX REL. B. H. HICKS ET AL. v. MILDRED W. PURVIS ET AL.

(Filed 1 November, 1935.)

1. **Executors and Administrators F f—Administratrix held not liable to creditors for losses incurred in continuing business of deceased.**

   Where an administratrix *c. t. a.* carries on the business of the testator with the knowledge and apparent consent of all the parties, including plaintiffs, creditors of the estate, and it appears that the administratrix was authorized by order of court to provide out of the funds of the estate labor and materials necessary to carry on the business, plaintiffs may not complain of judgment denying recovery against the administratrix and her bondsman for losses to the estate resulting from the continued operation of the business upon their contention that the estate was thereby rendered insolvent, and that such acts constituted waste or *devastavit*.

**2. Limitation of Actions B a—Action against executrix for breach of bond accrues at time of breach and not time administratrix files account.**

> Plaintiffs, creditors of the estate, brought this action against the administratrix *c. t. a.* and her bondsman, to recover sums paid out by the administratrix in compromising a caveat to the will and in paying fees of the attorneys appearing for administratrix in the caveat proceedings, alleging that such payments constituted waste or *devastavit*, resulting in the insolvency of the estate. *Held:* The action was not to surcharge or falsify the account of the administratrix, but to recover for alleged breach of her bond, and the cause of action accrued at the time the alleged breach was committed, C. S., 441 (6), and plaintiffs' contention that it did not accrue until the administratrix filed her initial account and disclosed the facts to plaintiffs for the first time, cannot be sustained, C. S., 441 (6), having no provision relating to discovery of the breach of the official bond as is provided for in case of fraud under C. S., 441 (9).

APPEALS by plaintiffs and defendant Fidelity and Casualty Company of New York from *Devin, J.,* at June Term, 1935, of VANCE.

Civil action, instituted 27 January, 1933, by creditors of the estate of S. M. Blacknall, deceased, to recover of the defendant administratrix and the surety on her official bond for alleged waste, or *devastavit,* committed, to injury of plaintiffs, in the administration of said decedent's estate.

It is alleged that the plaintiffs are creditors of the estate of S. M. Blacknall, late of Vance County, in the aggregate deficient sum of $21,587.41, evidenced by promissory notes executed by the decedent in his lifetime; that Mildred W. Purvis duly qualified as administratrix *c. t. a.* of the estate of the said S. M. Blacknall, deceased, on or about 23 April, 1929, and gave bond as required by C. S., 33, in the sum of $80,000 with the Fidelity and Casualty Company of New York as surety thereon; and that waste, in the nature of *devastavit,* to the injury of plaintiffs (the estate originally thought to be amply solvent, later proving to be insolvent), has been committed by said administratrix in the administration of the estate in three essential particulars, as follows:

1. By continuing the operation of decedent's business from April, 1929, until the summer of 1932, without proper authority, which resulted in losses in excess of plaintiffs' claim.

2. By using $10,000 belonging to the estate, in June, 1929, to compromise a caveat filed to the will of the deceased.

3. By paying out of the estate in June, 1929, $7,000 to attorneys for services in appearing for the administratrix in said caveat proceedings.

At the October Term, 1933, there was a consent reference, except as to the administratrix, which finally resulted in judgment for defendants on the first item, and judgment for plaintiffs on the second and third items, above set out as alleged matters of waste or *devastavit.*

Both sides appeal, assigning errors.

*B. H. Hicks, T. G. Stem, and B. S. Royster, Jr., for plaintiffs.*
*Ruark & Ruark for defendant Casualty Company.*

STACY, C. J.   This is the same case that was before us at the Spring
Term, 1935, opinion filed 22 May and reported *ante,* 227, to which
reference may be had for a more extended statement of the facts.

With respect to plaintiffs' appeal, it is sufficient to say that the con-
tinued operation of decedent's nursery business was carried on with the
full knowledge and apparent consent of all concerned, creditors and
beneficiaries, including the plaintiffs.   The referee, therefore, concluded,
upon such finding, "that the plaintiffs having permitted the defendant
administratrix to continue the business of decedent for a period of more
than three years with their knowledge, acquiescence and consent, may
not now charge the administratrix with losses arising from the continua-
tion of such business."   This was approved by the judge upon exception
to the report of the referee.   11 R. C. L., 142.

It also appears that the administratrix was authorized, by order of
court, to "provide and pay for, out of the funds of the estate, the neces-
sary labor, fertilizer, spraying materials and other things necessary to
carry out the agricultural or nursery contracts entered into by the said
S. M. Blacknall before his death, and to protect and preserve the growing
crops and nursery stock and all other property belonging to said estate."
*Hardy v. Turnage,* 204 N. C., 538, 168 S. E., 823.   The plaintiffs are
in no position to complain at the ruling upon the first item of their
alleged *devastavit.* . *Snipes v. Monds,* 190 N. C., 190, 129 S. E., 413.

The appeal of the surety, Fidelity and Casualty Company of New
York, presents the question of the statute of limitations.

It is alleged that the two items of $10,000 and $7,000, paid out of the
funds of the estate in connection with the settlement of the caveat in
June, 1929, constitute a *devastavit.*   This action was instituted 27 Jan-
uary, 1933, three years and more than seven months after the alleged
waste.   Hence, nothing else appearing, the plea of the statute of limita-
tions would seem to be good.   *Dunn v. Dunn,* 206 N. C., 373, 173 S. E.,
900; *Finn v. Fountain,* 205 N. C., 217, 171 S. E., 85; *Drinkwater v.*
*Tel. Co.,* 204 N. C., 224, 168 S. E., 410; *Trust Co. v. Clifton,* 203 N. C.,
483, 166 S. E., 334; *Barnes v. Crawford,* 201 N. C., 434, 160 S. E., 464;
*Anderson v. Fidelity Co.,* 174 N. C., 417, 93 S. E., 948; *Settle v. Settle,*
141 N. C., 553, 54 S. E., 445; *Burgwyn v. Daniel,* 115 N. C., 115, 20
S. E., 462; *Kennedy v. Cromwell,* 108 N. C., 1, 13 S. E., 135; *Woody*
*v. Brooks,* 102 N. C., 334, 9 S. E., 294; *Norman v. Walker,* 101 N. C.,
24, 7 S. E., 468.

It is provided by C. S., 441, subsection 6, that an action against the
sureties of any executor, administrator, collector, or guardian to recover

on the official bond of their principal, shall be commenced within three years "after the breach thereof complained of"; otherwise, upon the plea of the statute by the surety, the right of action is deemed to be barred. *Dunn v. Dunn, supra; Anderson v. Fidelity Co., supra; Settle v. Settle, supra; Self v. Shugart,* 135 N. C., 185, 47 S. E., 484; *Burgwyn v. Daniel, supra; Gill v. Cooper,* 111 N. C., 311, 16 S. E., 316; *Kennedy v. Cromwell, supra; Woody v. Brooks, supra; Norman v. Walker, supra; Hodges v. Council,* 86 N. C., 181.

It is the contention of the plaintiffs, and their view prevailed in the court below, that the statute did not begin to run until 9 May, 1930, when the administratrix filed her initial account and disclosed to the plaintiffs, for the first time, her intention of claiming said items as proper expenditures in the administration of the estate. The action, however, is not one to surcharge or falsify the account of the administratrix, but the breaches of the bond "complained of" are alleged to have occurred in June, 1929. *Hicks v. Purvis, ante,* 227.

There is no provision in the statute that an action to recover on the official bond of an executor, administrator, collector, or guardian may be commenced at any time within three years from the discovery of the breach by plaintiffs, as in cases of fraud or mistake under subsection 9, but the language of subsection six is, "within three years after the breach thereof complained of." The statute, therefore, began to run from the time of the "breach thereof complained of." *Gordon v. Fredle,* 206 N. C., 734, 175 S. E., 126. This is the clear meaning of the statute, and plaintiffs have declared upon alleged breaches which occurred in June, 1929. Compare *Hood v. Rhodes,* 204 N. C., 158, 167 S. E., 558, and *Williams v. Casualty Co.,* 150 N. C., 597, 64 S. E., 510.

In explanation of the whole case, it may be observed that originally the estate was regarded as a comparatively large one and abundantly solvent. The amounts disbursed in connection with the settlement of the caveat were not thought excessive at the time; nor was it perceived, until much later, that the claims of creditors would not be paid in full. Heavy losses resulted from two severe droughts and the general business depression prevailing throughout the country. Similar stories could be told of many other enterprises.

On plaintiffs' appeal, Affirmed.

On defendant's appeal, Error.