STATE OF NORTH CAROLINA Ex. REL. HILDA COPLEY v. CHARLES SCARLETT, GUARDIAN, FIDELITY & DEPOSIT COMPANY OF MARY-LAND, AND CHARLES ZUCKERMAN.

(Filed 15 June, 1938.)

**1. Limitation of Actions § 2e—**

An action against the surety on a guardianship bond is barred after three years from the breach complained of. C. S., 441 (6).

**2. Limitation of Actions § 3—**

The right of action against the surety on a guardianship bond for failure of the guardian to pay all sums due the ward upon her majority, accrues six months after the date ·of the ward's majority, C. S., 2188, and is barred three years thereafter.

**3. Limitation of Actions § 12b—**

The liability of the surety on a guardianship bond is secondary, and payment of interest or principal by the guardian does not affect the running of the statute of limitations in favor of the surety.

APPEAL by plaintiff from *Spears, J.,* at 8 April, 1938, Term, of DURHAM. Affirmed.

This is an action brought by plaintiff against the defendant Charles Scarlett, guardian of Hilda Copley, and his surety Fidelity & Deposit Company of Maryland, to recover certain amount alleged to be due. The defendant Scarlett denied the material allegations of plaintiff, pleaded settlement, and the Fidelity & Deposit Company of Maryland pleaded the three-year statute of limitations.

On 31 May, 1937, the matter was referred by consent "of all attorneys representing the plaintiff and the defendants, by virtue of which Allston Stubbs was named and appointed referee in the above entitled action and ordered to hear the evidence in this action and to report to the court his findings of fact and conclusion of law."

Among the findings of fact by the referee is the following: "From the evidence I find a balance due as of 31 July, 1937, by Charles Scarlett, guardian, to his former ward, Hilda Copley, the sum of $1,553.80. Hilda Copley became twenty-one years old 18 February, 1931, and this action was commenced on 24 November, 1934. After the ward became of age and before the filing of this complaint the guardian, on 8 May, 1933, made a payment of $500.00 on the principal sum due his former ward. That after the ward became of age the guardian made certain payments to cover administration expenses from time to time until his final report was filed on 17 February, 1937."

Among the conclusions of law is the following: "The Fidelity & Deposit Company of Maryland is liable as surety and not as coprincipal on the guardianship bond. The ward became of age 18 February, 1931, and as the guardian has failed to file his account within six months of this date, as required by law, the three-year statute of limitations began to run in favor of the Fidelity & Deposit Company of Maryland on 18 August, 1931. The payment of $500.00 made by the guardian on the *corpus* of the ward's estate on 8 May, 1933, subsequent to the ward's coming of age and prior to 18 August, 1934, did not revive the statute of limitations which began to run in favor of the Fidelity & Deposit Company on 18 August, 1931. That the cause of action against the Fidelity & Deposit Company of Maryland was barred on 18 August, 1934, and as the summons and complaint in this action were not filed until 24 November, 1934, the cause of action against the Fidelity & Deposit Company of Maryland is forever barred by the three-year statute of limitations, which was properly pleaded. See *Finn v. Fountain,* 205 N. C., 217. The plaintiff Hilda Copley, former ward of Charles Scarlett, her guardian, is entitled to recover judgment against the said Charles Scarlett in the sum of $1,553.80, with interest from 21 July, 1937, until paid, and the cost of this action, and the action against the Fidelity & Deposit Company of Maryland should be dismissed."

COPLEY *v.* SCARLETT.

The judgment of the court below was as follows: "This cause coming on to be heard before the undersigned, the Honorable Marshall T. Spears, resident judge of the Tenth Judicial District, at chambers, upon the appeal of the plaintiff from the report of the referee, Allston Stubbs, Esq., the referee heretofore appointed in this action; and after hearing argument of counsel representing the plaintiff and the defendants, and after consideration of the report of the referee, the evidence offered before the referee, the pleadings in the case, and a research into the law involved in said case, it is considered, ordered, adjudged and decreed that the findings of fact and conclusions of law of the referee, as set forth in his report, be and they hereby are in all respects confirmed. This 8 April, 1938. (Signed) Marshall T. Spears, Resident Judge of the Tenth Judicial District of North Carolina."

The plaintiff excepted and assigned error to the judgment as signed and appealed to the Supreme Court.

*Malcolm M. Young for plaintiff.*
*Fuller, Reade & Fuller for defendant Fidelity & Deposit Company of Maryland.*

PER CURIAM. The defendant was a surety on the bond of Charles Scarlett, guardian of Hilda Copley.

N. C. Code, 1935 (Michie), Art. 5, sec. 436, is as follows: "The periods prescribed for the commencement of actions, other than for the recovery of real property, are as set forth in this article.

Section 441: "Within three years an action . . . (6) Against the sureties of any executor, administrator, collector or guardian on the official bond of their principal; within three years after the breach thereof complained of."

Section 2188: "A guardian may be required to file such account at any time after six months from the ward's coming of full age or the cessation of the guardianship; but such account may be filed voluntarily at any time, and, whether the accounting be voluntary or compulsory, it shall be audited and recorded by the clerk of the Superior Court."

In *Finn v. Fountain,* 205 N. C., 217 (220), it is written: "The period prescribed by the statute within which an action against the sureties on the official bond of a guardian must be begun is three years after the breach complained of as the cause of action alleged in the complaint. C. S., 441 (6). In the instant case, the cause of action alleged in the complaint accrued at the expiration of six months from the date when the plaintiffs, respectively, arrived at the age of twenty-one years. C. S., 2188. The statute of limitations began to run against each of the plaintiffs and in favor of the sureties on the bond at said date, and continued to run for more than three years and six months before the action was

2—214

begun. The running of the statute as against the plaintiffs and in favor of the sureties was not suspended by the payment of interest by the guardian on the amount due by him to each of the plaintiffs. The liability of the sureties on the bond is a conditional liability, dependent upon the failure of the guardian to pay the damages caused by his breach of the bond. The guardian and the sureties are not in the same class. For that reason the payment by the guardian of interest on the amount due by him to his former wards did not suspend the statute of limitations, which began to run against each of his wards when she became twenty-one years of age."

The plaintiff contends: "If not overruled, the doctrine of the *Finn case, supra,* should be limited to payments of interest and not extended to cases involving payments of principal." We cannot so hold, as we cannot differentiate.

The judgment of the court below is
Affirmed.