**Sidney M. BOBBITT, Plaintiff,**

v.

**TANNEWITZ, a Foreign Corporation, Defendant.**

**No. C–80–423–WS.**

United States District Court,
M. D. North Carolina,
Winston-Salem Division.

April 20, 1982.

---

Stephen G. Royster of Royster & Royster, Mount Airy, N. C., and J. Clarke Nims of Cholette, Perkins & Buchanan, Grand Rapids, Mich., for plaintiff.

I. Edward Johnson and Robert W. Sumner of Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, Raleigh, N. C., for defendant.

## MEMORANDUM OPINION AND ORDER

HIRAM H. WARD, District Judge.

This matter came before the Court for a hearing on April 15, 1982, upon the defendant's Motion for Summary Judgment as to all three of the claims alleged in the Complaint—strict liability, breach of express and implied warranties, and negligence.[1]

Defendant seeks summary judgment as to the strict liability claim on the ground that the law of North Carolina applicable to this diversity of citizenship case does not recognize strict liability, as to the warranty claims on the ground that no privity existed between the plaintiff and defendant, and as to the negligence claim on the ground that the statute of limitations bars the claim. In its Answer (September 5, 1980) defendant raised these same grounds in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). At that time the Court denied the motion to dismiss without preju-

1. Plaintiff filed his Complaint on August 13, 1980; defendant filed its Motion for Summary Judgment on September 30, 1981.

dice to the defendant renewing the motion upon completion of discovery. Now, the defendant has supplemented the record with facts relevant to the issues, and the parties have briefed and orally argued their positions. The Court will grant the Motion for Summary Judgment because North Carolina does not recognize strict liability in tort and because statutes of limitations bar the warranty and negligence claims.

■ Since diversity of citizenship provides subject matter jurisdiction in this case, North Carolina law provides the substantive law governing the parties' claims. North Carolina does not recognize strict liability in tort. *Tedder v. Pepsi-Cola Bottling Co.*, 270 N.C. 301, 154 S.E.2d 337 (1967); *Davis v. Siloo, Inc.*, 47 N.C.App. 237, 267 S.E.2d 354, *cert. denied*, 301 N.C. 234, 283 S.E.2d 131 (1980); *Coffer v. Standard Brands, Inc.*, 30 N.C.App. 134, 226 S.E.2d 534 (1976).

The following chronology of events taken in the light most favorable to the plaintiff determines whether the statutes of limitations bar his remaining claims. The sander that allegedly injured plaintiff was manufactured by the defendant and sold to Bassett Furniture Industries in Mt. Airy, North Carolina, on September 23, 1974. Affidavit of Henry Nyhuis (April 1, 1982) (hereafter Nyhuis Affidavit). At that time plaintiff was employed at the factory where the sander was installed. Defendant's Requests for Admissions and Plaintiff's Answers & Plaintiff's Answers to Defendant's First Set of Interrogatories (April 1, 1982). Plaintiff's Answers to Interrogatories indicate that an agent or employee of defendant made certain representations to plaintiff about the safety and quality of the sander when the sander was first installed. Plaintiff was employed by the National/Mt. Airy Furniture Company on January 31, 1977, at which time he was injured by the sander while working with it. Plaintiff's injuries were immediately apparent. Defendant's Requests for Admissions and Plaintiff's Answers.

Defendant is a Michigan corporation that has done business on a regular basis in North Carolina since 1977. The business it transacts here consists of sales, telephone communications, and servicing its goods sold and used in the state. Defendant has maintained the same address since 1978. Nyhuis Affidavit. Defendant has no registered agent for service of process in North Carolina and owns no property in the state. Plaintiff filed this lawsuit on August 13, 1980, more than three years after the date of his injury and more than four years after any alleged warranties were made to him. He obtained service on the defendant by delivering a copy of the Complaint and Summons to the North Carolina Secretary of State pursuant to the provisions of N.C. Gen.Stat. § 55–15. U.S. Marshal's Service Process Receipt and Return (August 25, 1980).

■ Plaintiff's negligence claim is subject to the three year statute of limitations contained in N.C.Gen.Stat. § 1–52(5). N.C. Gen.Stat. § 1–50(6) does not extend the negligence statute of limitations from three to six years but instead establishes an outside time limit for bringing a personal injury claim based upon a defective product. *Smith v. American Radiator & Standard Sanitary Corp.*, 38 N.C.App. 457, 248 S.E.2d 462 (1978), *cert. denied*, 296 N.C. 586, 254 S.E.2d 33 (1979). Plaintiff's tort claim accrued on the date of his injury, which was apparent to him when it occurred.

■ Assuming without deciding that plaintiff can maintain a warranty claim against the defendant, any warranty claim would have accrued on the date of the sale and delivery of the warranted sander. *Thurston Motor Lines, Inc. v. General Motors Corp.*, 258 N.C. 323, 128 S.E.2d 413 (1962); *see also Raftery v. Wm. C. Vick Construction Co.*, 291 N.C. 180, 187, 230 S.E.2d 405, 409 (1976); *accord, Arrowood v. General Motors Corp.*, 539 F.2d 1321, 1322–1323 (4th Cir. 1976). For purposes of this lawsuit, accrual of the warranty claim can date from the installation of the sander in the plant where plaintiff worked when the alleged warranties were made to him. No evidence reveals any warranty that explicitly extended to future performance of the

sander so as to defer the accrual date to the time when a breach was or should have been discovered. N.C.Gen.Stat. § 25–2–725(2). The Court will also assume without deciding that any warranty claim would be subject to a four year statute of limitations, N.C.Gen.Stat. § 25–2–725(1), and not a three year limitation, N.C.Gen.Stat. § 1–52(1). Thus, as the parties agreed at oral argument, unless the statutes of limitations were tolled, both plaintiff's negligence and warranty claims are time barred by the applicable statutes of limitations.

■ A North Carolina "tolling statute," N.C.Gen.Stat. § 1–21 (Cum.Supp.1981) provides in pertinent part:

> If when the cause of action accrues or judgment is rendered or docketed against a person, he is out of the State, action may be commenced, or judgment enforced within the times herein limited after the return of the person into this State, and if, after such cause of action accrues or judgment is rendered or docketed, such person departs from and resides out of this State, or remains continuously absent therefrom for one year or more, the time of his absence shall not be a part of the time limited for the commencement of the action or the enforcement of the judgment. . . .

> The provisions of this section shall not apply to the extent that a court of this State has or continues to have jurisdiction over the person under the provisions of G.S. 1–75.4.

The Editor's note following that section explained that:

> The 1979 amendment, effective January 1, 1980, added the second paragraph.

> Session Laws 1979, c.525, s.12, provides that the amendment shall not apply to causes of action arising prior to January 1, 1980.

Both parties agree that the plaintiff's claims accrued or "arose" prior to January 1, 1980, thereby making the tolling statute applicable to this lawsuit.

The North Carolina Supreme Court has applied section 1–21 to toll the statute of limitations in suits against foreign corporations. *See, e.g., Green v. Hartford Life Insurance Co.,* 139 N.C. 309, 51 S.E. 887 (1905). However, in 1934, that court decided *Smith v. Finance Co.,* 207 N.C. 367, 177 S.E. 183 (1934). In that case a North Carolina plaintiff sued a foreign corporation which had no registered agent for service of process in North Carolina. Plaintiff obtained service over the defendant by delivering a copy of the summons to the Secretary of State pursuant to statute, more than two years after the plaintiff's cause of action had accrued. Two years was the applicable statute of limitations for the plaintiff's claim. The Court noted that service of process upon the Secretary of State was provided by law from the date the cause of action accrued. The Court concluded that the statute of limitations was not tolled but ran from the date of accrual in " 'all cases where [undomesticated foreign corporations without registered process agents] *doing business or holding property within the state,* have been continuously for the statutory period subject to valid service of process, so as to confer jurisdiction on our courts to render binding judgments in personam against them.' " *Smith v. Finance Co.,* 207 N.C. 367, 369, 177 S.E. 183, 184, *citing Oliver v. USF&G,* 174 N.C. 417, 419, 93 S.E. 948, 949 (1917) (emphasis added).

The facts in *Smith* revealed that the defendant corporation held property *and* did business in the state. However, the clear disjunctive "doing business *or* holding property within the state"[2] is strong dictum that one or the other is sufficient to entitle the foreign corporation to the protection of the statutes of limitations. The North Carolina Supreme Court's language in 1934 foreshadowed modern minimum contacts analysis. "Doing business" in this state while being subject to valid substituted service of process, which was sufficient "presence" so as to confer personal jurisdiction, constituted sufficient "presence" to warrant the running of the statute of limitations against the foreign corporation.

---

**2.** Emphasis added.

Precisely the same situation exists here. Defendant has been at all times amenable to service of process pursuant to N.C.Gen. Stat. § 55–15. Defendant has continuously done business in North Carolina since plaintiff's claims accrued. Therefore, defendant has been sufficiently "present" in the state to warrant the protection of the statutes of limitations.

With *Smith v. Finance Co.* so construed, more recent North Carolina Court of Appeals cases tolling statutes of limitations against absent nonresident individuals are distinguishable. In *Travis v. McLaughlin*, 29 N.C.App. 389, 224 S.E.2d 243, *cert. denied*, 290 N.C. 555, 226 S.E.2d 513 (1976) and *Duke University v. Chesnut*, 28 N.C.App. 568, 221 S.E.2d 895, *appeal dismissed*, 289 N.C. 726, 224 S.E.2d 674 (1976), the North Carolina Court of Appeals applied section 1–21 to toll the running of statutes of limitations against absent nonresident natural persons who were subject to valid service of process. In those cases, it was sufficient inquiry for the court to determine that the individuals resided outside of North Carolina and thus were "absent." However, a corporation can actually be present in the state by continuously doing business here through its agents, even though place of incorporation and principal place of business are in foreign states.

*Smith v. Finance Co.* constitutes the most recent statement of the applicable law by the highest North Carolina state court. *Travis v. McLaughlin* and *Duke University v. Chesnut* are distinguishable from *Smith* and the facts of this case.[3] Otherwise, applied here, those cases would misconstrue statute of limitations and pre-1980 tolling law as it should be applied to foreign corporations doing business in North Carolina. *Smith* analysis yields the conclusion that the statutes of limitations applicable to plaintiff's negligence and warranty claims were not tolled but ran from the dates of accrual and expired before plaintiff commenced this action.

3. The Court in *Duke University v. Chesnut* stated "the precise question raised on this appeal does not appear to have been resolved by the Supreme Court of this State." 28 N.C.App.

IT IS, THEREFORE, ORDERED that defendant's Motion for Summary Judgment be, and the same hereby is, GRANTED as to plaintiff's strict liability claim because North Carolina does not recognize strict liability in tort and as to the negligence and warranty claims because the applicable statutes of limitations bar the claims.

A Judgment dismissing this action will be entered accordingly.

568, 571, 221 S.E.2d 895, 897. *Compare Ryan v. Brooks*, 634 F.2d 726, 727 n.1 (4th Cir. 1980) *with* Memorandum Opinion and Order at 3 & 4 (March 27, 1981).